EXHIBIT A





## *WebCivil Supreme - eFiled Documents Detail*

Court:              **New York Supreme Court**
Index Number:       **0651739/2020**
Case Name:          **BARLOW, HEATHER vs. SKROUPA, CHRISTOPHER**
Case Type:          **E-OTHER COMMERCIAL**
Track:              **Standard**

**Document List** - Click on the document name to view the document

| Document # | Date Received/Filed | Document | Description | Motion # | Filing User |
|---|---|---|---|---|---|
| 1 | 03/17/2020 | SUMMONS + COMPLAINT | Summons; Verified Complaint | | CARLA A. KERR |
| 2 | 03/17/2020 | EXHIBIT(S) | Initial bill; bank statement showing Defs paid bill | | CARLA A. KERR |
| 3 | 03/17/2020 | EXHIBIT(S) | Bills for unpaid 7 weeks of consultancy | | CARLA A. KERR |
| 4 | 03/17/2020 | EXHIBIT(S) | Def's Mar. 2, 2019 email: "amazing" job & ending services | | CARLA A. KERR |
| 5 | 05/22/2020 | AFFIRMATION/AFFIDAVIT OF SERVICE | --none-- | | CARLA A. KERR |
| 6 | 05/29/2020 | AFFIRMATION/AFFIDAVIT OF SERVICE | Sec of State service for LLC | | CARLA A. KERR |
| 7 | 06/22/2020 | NOTICE OF APPEARANCE (PRE RJI) | --none-- | | CHRISTOPHER ROESCH NEFF |
| 8 | 06/22/2020 | ANSWER WITH COUNTER-CLAIM(S) | Verified Answer and Counterclaims | | CHRISTOPHER ROESCH NEFF |
| 9 | 07/09/2020 | COMPLAINT (AMENDED) | Amended Verified Complaint | | CARLA A. KERR |
| 10 | 07/09/2020 | SUMMONS (PRE RJI) (AMENDED) | Amended Summons | | CARLA A. KERR |
| 11 | 07/09/2020 | EXHIBIT(S) | Initial 4 weeks' invoices w/ proof of Def's wire payment | | CARLA A. KERR |
| 12 | 07/09/2020 | EXHIBIT(S) | Last 7 weeks' invoices- unpaid | | CARLA A. KERR |
| 13 | 07/09/2020 | EXHIBIT(S) | Def's email ending engagement; noting "amazing" work, "appreciated dedication | | CARLA A. KERR |
| 14 | 07/09/2020 | NOTICE TO COUNTY CLERK - AMENDMENT OF CAPTION | Notice- Amend Caption re 3025 amendment permitted w/o leave | | CARLA A. KERR |
| 15 | 07/14/2020 | ORDER TO SHOW CAUSE ( PROPOSED ) | --none-- | 001 | CHRISTOPHER ROESCH NEFF |
| 16 | 07/14/2020 | AFFIDAVIT OR AFFIRMATION IN SUPPORT | Christopher R. Neff, Esq. | 001 | CHRISTOPHER ROESCH NEFF |
| 17 | 07/14/2020 | EXHIBIT(S) | Original Complaint | 001 | CHRISTOPHER ROESCH NEFF |
| 18 | 07/14/2020 | EXHIBIT(S) | Subpoena duces tecum on Wells Fargo | 001 | CHRISTOPHER ROESCH NEFF |
| 19 | 07/14/2020 | EXHIBIT(S) | Amended Complaint | 001 | CHRISTOPHER ROESCH NEFF |
| 20 | 07/14/2020 | EXHIBIT(S) | Notice of Order to Show Cause sent to Adversary | 001 | CHRISTOPHER ROESCH NEFF |
| 21 | 07/14/2020 | MEMORANDUM OF LAW IN SUPPORT | --none-- | 001 | CHRISTOPHER ROESCH NEFF |
| 22 | 07/14/2020 | RJI -RE: ORDER TO SHOW CAUSE | --none-- | 001 | CHRISTOPHER ROESCH NEFF |
| 23 | 07/14/2020 | ADDENDUM - COMMERCIAL DIVISION (840C) | --none-- | 001 | CHRISTOPHER ROESCH NEFF |
| 24 | 07/15/2020 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION | --none-- | 001 | CARLA A. KERR |
| 25 | 07/16/2020 | AFFIRMATION/AFFIDAVIT OF SERVICE | --none-- | 001 | CARLA A. KERR |

| | | | | | | KERR |
|---|---|---|---|---|---|---|
| 26 | 07/16/2020 | AFFIRMATION/AFFIDAVIT OF SERVICE | --none-- | | | CARLA A. KERR |
| 27 | 07/17/2020 | ORDER TO SHOW CAUSE | --none-- | | 001 | Mary Barahona court user |
| 28 | 07/27/2020 | STIPULATION - OTHER - ( REQUEST TO SO ORDER ) | Stipulation staying proceedings in contemplation of settlement | | | CHRISTOPHER ROESCH NEFF |
| 29 | 10/19/2020 | NOTICE OF MOTION | | | 002 | CHRISTOPHER ROESCH NEFF |
| 30 | 10/19/2020 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION | --none-- | | 002 | CHRISTOPHER ROESCH NEFF |
| 31 | 10/19/2020 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION | --none-- | | 002 | CARLA A. KERR |
| 32 | 10/19/2020 | EXHIBIT(S) | Neff email rep'ing Katz & Luff | | 002 | CARLA A. KERR |
| 33 | 10/19/2020 | EXHIBIT(S) | Fin Doc p3: counsel Moskowitz listed as Def creditor on payment plan | | 002 | CARLA A. KERR |
| 34 | 11/03/2020 | NOTICE OF CROSS-MOTION | --none-- | | 002 | CARLA A. KERR |
| 35 | 11/03/2020 | AFFIDAVIT OR AFFIRMATION IN SUPPORT | --none-- | | 002 | CARLA A. KERR |
| 36 | 11/03/2020 | EXHIBIT(S) | Plfs First Notice of Discovery to Defs, served 6/25 | | 002 | CARLA A. KERR |
| 37 | 11/03/2020 | EXHIBIT(S) | Plfs Deposition Notice to Defs, served 6/25 | | 002 | CARLA A. KERR |
| 38 | 11/03/2020 | EXHIBIT(S) | Plfs Discovery to Luff, served 7/9 | | 002 | CARLA A. KERR |
| 39 | 11/03/2020 | EXHIBIT(S) | Plfs Discovery to Def Katz, served 7/9 | | 002 | CARLA A. KERR |
| 40 | 11/03/2020 | EXHIBIT(S) | Plfs 2nd Notice of Disc | | 002 | CARLA A. KERR |
| 41 | 11/03/2020 | EXHIBIT(S) | Plfs 1st Set of Interrogs to Defs, served 7/22 | | 002 | CARLA A. KERR |
| 42 | 11/16/2020 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION AND IN SUPPORT OF CROSS-MOTION | Supplemental Affirmation re recent Def counsel representation | | 002 | CARLA A. KERR |
| 43 | 11/16/2020 | EXHIBIT(S) | Def counsel Neff "no longer authorized to act"- 10/13 | | 002 | CARLA A. KERR |
| 44 | 11/16/2020 | EXHIBIT(S) | Def counsel authorized by Def to "shepherd" settlement | | 002 | CARLA A. KERR |
| 45 | 11/16/2020 | EXHIBIT(S) | Def counsel writes himself in as Def counsel on draft doc | | 002 | CARLA A. KERR |
| 46 | 11/16/2020 | EXHIBIT(S) | Def counsel tries to settle w Def renegin on 1st payment | | 002 | CARLA A. KERR |
| 47 | 11/20/2020 | NOTICE OF APPEARANCE (POST RJI) | ON BEHALF OF DAVID KATZ AND PAULA LUFF | | | ADAM E ENGEL |
| 48 | 11/20/2020 | ANSWER | VERIFIED BY DAVID KATZ | | | ADAM E ENGEL |
| 49 | 11/20/2020 | ANSWER | VERIFIED BY PAULA LUFF | | | ADAM E ENGEL |
| 50 | 12/09/2020 | ORDER TO SHOW CAUSE ( PROPOSED ) | --none-- | | 003 | CHRISTOPHER ROESCH NEFF |
| 51 | 12/09/2020 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP | --none-- | | 003 | CHRISTOPHER ROESCH NEFF |
| 52 | 12/09/2020 | ORDER TO SHOW CAUSE | --none-- | | 003 | Shaneequa A Yumor court user |
| 53 | 12/11/2020 | AFFIRMATION/AFFIDAVIT OF SERVICE | Affidavit of hard-copy service on Skroupa and Skytop | | 003 | CHRISTOPHER ROESCH NEFF |
| 54 | 12/11/2020 | AFFIRMATION/AFFIDAVIT OF SERVICE | Affidavit of hard-copy service on counsel for Plaintiffs | | 003 | CHRISTOPHER ROESCH NEFF |
| 55 | 12/11/2020 | AFFIRMATION/AFFIDAVIT OF SERVICE | Affirmation of email service on Defendants | | 003 | CHRISTOPHER ROESCH NEFF |
| 56 | 12/14/2020 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION | --none-- | | 003 | CARLA A. KERR |
| 57 | 12/14/2020 | EXHIBIT(S) | Neff email rep'ing himself as Luff/Katz's counsel on 7/22 | | 003 | CARLA A. KERR |
| 58 | 12/14/2020 | EXHIBIT(S) | Fin Docs: Inspire owed Moskowitz $57,958 and were given payment plan | 003 | | CARLA A. KERR |
| 59 | 12/14/2020 | EXHIBIT(S) | Moskowitz ostensibly "no longer auth'd to act" for Defs as of 10/19/20 | | 003 | CARLA A. KERR |
| 60 | 12/17/2020 | DECISION + ORDER ON MOTION | --none-- | | 001 | Shaneequa A Yumor court user |
| 61 | 12/17/2020 | DECISION + ORDER ON MOTION | --none-- | | 002 | Shaneequa A Yumor court user |
| 62 | 12/17/2020 | DECISION + ORDER ON MOTION | --none-- | | 002 | Shaneequa A |

| | | | | | Yumor *court user* |
|---|---|---|---|---|---|
| 63 | 01/27/2021 | DECISION + ORDER ON MOTION | --none-- | 003 | Melissa Anne Crane *court user* |
| 64 | 01/27/2021 | NOTICE OF ENTRY | --none-- | | CHRISTOPHER ROESCH NEFF |
| 65 | 01/27/2021 | AFFIRMATION/AFFIDAVIT OF SERVICE | --none-- | | CHRISTOPHER ROESCH NEFF |
| 66 | 02/02/2021 | NOTICE OF APPEARANCE (POST RJI) | --none-- | | ADAM E ENGEL |
| 67 | 02/10/2021 | ORDER - PRELIMINARY CONFERENCE | --none-- | | Shaneequa A Yumor *court user* |
| 68 | 02/19/2021 | ORDER TO SHOW CAUSE - ACCOMPANYING COMMENCEMENT DOC(S) (PROPOSED) | --none-- | | ADAM E ENGEL |
| 69 | 02/20/2021 | ORDER TO SHOW CAUSE ( PROPOSED ) | CORRECTED VERSION OF DKT 68 | 004 | ADAM E ENGEL |
| 70 | 02/20/2021 | AFFIDAVIT OR AFFIRMATION IN SUPPORT | --none-- | 004 | ADAM E ENGEL |
| 71 | 02/20/2021 | MEMORANDUM OF LAW IN SUPPORT | --none-- | 004 | ADAM E ENGEL |
| 72 | 02/23/2021 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION | --none-- | 004 | CARLA A. KERR |
| 73 | 02/23/2021 | EXHIBIT(S) | Katz signature on Skytop financing doc | 004 | CARLA A. KERR |
| 74 | 02/23/2021 | EXHIBIT(S) | Engel appears as counsel for Defs in other cases at same time treated as counsel here | 004 | CARLA A. KERR |
| 75 PENDING | 03/02/2021 | COMPLAINT (AMENDED) | filed on consent | | CARLA A. KERR |
| 76 | 03/02/2021 | EXHIBIT(S) | Sched of unpaid empees given Def Katz by Skytop | | CARLA A. KERR |
| 77 PENDING | 03/02/2021 | SUMMONS-SUPPLEMENTAL (POST RJI) | --none-- | | CARLA A. KERR |
| 78 | 03/08/2021 | AFFIRMATION/AFFIDAVIT OF SERVICE | --none-- | | CARLA A. KERR |
| 79 | 03/10/2021 | AFFIRMATION/AFFIDAVIT OF SERVICE | Amended Affidavit | | CARLA A. KERR |

Close

EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
— — — — — — — — — — — — — — — — — — — — — — — — — - X
                                                    :  Index Number_____
                                                    :
HEATHER BARLOW and VALUE EXTRACTION                 :
SERVICES LLC,                                       :
                                                    :
                                                    :
                                                    :  **VERIFIED COMPLAINT**
                 V.                                 :
                                                    :
                                                    :
                                                    :
CHRISTOPHER SKROUPA and                             :
INSPIRE SUMMITS LLC d/b/a                            :
SKYTOP STRATEGIES.                                  :
                                                    :
— — — — — — — — — — — — — — — — — — — — — — — — —X


Plaintiff Heather Barlow brings this Verified Complaint against Defendants

Christopher Skroupa and his business Inspire Summits LLC d/b/a Skytop Strategies for

nonpayment of seven (7) weeks of consulting fees in the amount of $17,500, plus

attorney's fees, costs, disbursements, and punitive damages, and hereby alleges as

follows:

### The Parties, Jurisdiction and Venue

1. Plaintiff Heather Barlow is a consultant who engages in operational and

financial advisory work. At all times herein, Plaintiff Heather Barlow was and is a

resident of the County of New York. Plaintiff works as a consultant through her

company, Value Extraction Services LLC, a New York domestic limited liability company.

Plaintiff Value Extraction Services LLC has its principal office in the County of New York.

2. Upon information and belief, Defendant Christopher Skroupa ("Skroupa") is the

owner, Founder, and CEO of Defendant Inspire Summits LLC d/b/a Skytop Strategies ("Company"), which is engaged in the business of putting together business conferences for professionals in different industries. Inspire Summits LLC is a New York domestic limited liability company with its principal office in the County of New York at 475 Park Avenue South, Suite 920, New York, New York 10016.

3. Plaintiff was hired by Defendant Skroupa as a consultant serving as Chief Administrative Officer for Skroupa's Company at the Park Avenue South address and, serving in that capacity for eleven (11) weeks, Defendants failed to pay her for the last seven (7) weeks. The underlying acts and omissions giving rise to this Complaint occurred in New York County.

4. Accordingly, this Court has jurisdiction over the Defendants pursuant to CPLR §§ 301 and 302 and venue is proper in New York County pursuant to CPLR § 503.

Factual Basis of the Complaint

5. On December 10, 2018, Defendant Skroupa hired Plaintiff as a consultant with the title of Chief Administrative Officer in order to help him organize conferences, control expenses, and oversee collection of accounts receivable ("AR") for the Company.

6. Plaintiff was hired on a weekly basis at the rate of $2500 per week. As repeatedly acknowledged by Defendant Skroupa orally, by text, and by voicemail, the latter of which Plaintiff has preserved copies of, Plaintiff was hired and remained hired for eleven (11) weeks at the rate of $2500 (excluding the vacation week of December 24, 2018), through the week of February 25, 2019 ending March 1, 2019.

7. For example, on February 17, 2019, Defendant Skroupa confirmed that he had

hired Plaintiff for "guidance on moving through how best to get our cash flow back in track. And to give me some guidance on how to clean up some of the mess created due to stalled AR. ...I've remained engaged with you at the $2500 per week rate for the last six weeks. Thank you for stepping in on some conference specific project management tasks. It's helped get [u]s over the hump."

8. At Defendant Skroupa's request, Plaintiff invoiced Defendants for her first four (4) weeks of consulting in December 2018 and early January 2019, *i.e.,* 12/9/18, 12/16/18, 12/30/18, and 1/6/19. Skroupa wired payment for those invoices to Plaintiffs' bank account. Exhibit A.

9. At Defendant Skroupa's request, Plaintiff invoiced Defendants for her next seven (7) weeks of consulting. Invoices for the weeks of 1/13/2019, 1/20/2019, 1/27/2019, 2/3/2019, 2/10/2019, 2/17/2019, and 2/25/2019 are attached as Exhibit B. These invoices total $17,500 and remain unpaid.

10. On March 2, 2019, Defendant Skroupa ended the consultancy by emailing: "You are amazing and I appreciate your dedication and desire to help. We need now, as of close of business yesterday, to step back for a while. Please send me an email of status of projects that I need to pick up on and I will take it from there. I anticipate that we might re-engage after April if need be. * * * I do wish to keep our connection and reach out to you for professional consultation when needed." Exhibit C.

11. Plaintiff Barlow has made every effort to seek payment from Defendants. Defendant Skroupa has alternatively promised to wire Plaintiff the money, and insulted and threatened her, which Plaintiff maintains copies. For example, on occasions when Plaintiff stated that she would have to seek redress for the nonpayment, Defendant

Skroupa responded that she is a "b***h" and should "back the f**k off," and, if she
pursued payment, he would make her life a "f****ing living hell."

12. A year later, Defendants have not paid Plaintiffs for the seven (7) weeks
owed.

### First Cause of Action
### Breach of Contract

13. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through
12 above.

14. Defendants contracted for Plaintiffs' services at the rate of $2500 per week
for each week Plaintiff Barlow worked as a consultant for Defendants.

15. Defendants did not end that arrangement until March 2, 2019, as per the
email quoted in paragraph 10 and attached as Exhibit C.

16. Despite that agreement, Defendants failed to pay for seven (7) weeks of
Plaintiffs' services, totaling $17,500.

17. Defendants breached their contract and Plaintiffs have been harmed as a
result and seek damages of $17,500, plus 9% statutory interest owed on said monies,
attorneys' fees, costs, disbursements, and punitive damages for willful nonpayment.

### Second Cause of Action
### Promissory Estoppel

18. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through
17 above.

19. Defendants made a clear and unambiguous promise to pay $2500 per week
for Plaintiffs' services as a consultant, as evidenced by the February 17, 2019 email and

Case 1:21-cv-02094-LGS Document 1-1 Filed 03/10/21 Page 10 of 91

payments for the first four (4) weeks of service evidenced in Exhibit A.

20. Defendants continued Plaintiff's services at said rate for each of the next seven (7) weeks.

21. Plaintiff reasonably relied on said promise each week until Defendant discontinued the services on March 2, 2019. Plaintiff demonstrated such reliance by working diligently and foregoing other work and prospects of work.

22. Plaintiffs suffered the loss of $17,500 as a result of Defendants' promise to pay for consultancy services, in addition to 9% statutory interest owed on said monies, attorneys' fees, costs, disbursements, and punitive damages for willful nonpayment.

### Third Cause of Action
### Unjust Enrichment and Restitution

23. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 22 above.

24. Plaintiff Barlow served Defendants as a consultant, serving in a representative capacity for the Company as Chief Administrative Officer, for a total of eleven (11) weeks at a weekly rate of $2500.

25. Defendants acknowledged the value of Plaintiff's work as Chief Administrative Officer by paying her the $2500 for four (4) weeks, continuing her services for another seven (7) weeks, and assuring her of payment.

26. Defendants were free to forego Plaintiffs' services as consultant at any time if they did not value them, but they did in fact value them at the rate of $2500 per week, and continued said services until March 2, 2019.

27. Defendants obtained the value of said services and were unjustly enriched by the value of said services.

28. Plaintiffs seek restitution for such unjust enrichment of $17,500, in addition to 9% statutory interest owed on said monies, attorneys' fees, costs, disbursements, and punitive damages for willful nonpayment.

WHEREFORE, Plaintiffs Heather Barlow and Value Extraction Services LLC demand judgment against Defendants Christopher Skroupa and Inspire Summits LLC d/b/a Skytop Strategies in the amount of $17,500, plus attorneys' fees, costs, disbursements, punitive damages, and such other relief as the Court deems just and necessary to make Plaintiffs whole.

Dated: New York, NY
     March 17, 2020          Law Office of Carla Kerr Stearns

By: _____

       Carla Kerr Stearns
       29 E. 93rd Street
       New York, NY 10128
       (347) 216-0922

Defendants' addresses:

Inspire Summits LLC d/b/a
 Skytop Strategies
475 Park Avenue South
Suite 920
New York, New York 10016

Christopher Skroupa
2249 36th St., #2
Astoria, New York  11105

## VERIFICATION

I, Heather Barlow, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action, as is my LLC, Value Extraction Services LLC. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Heather Barlow
Plaintiff

Sworn to before me

this 17 day of March, 2020

Notary Public

CARLA KERR STEARNS
NOTARY PUBLIC, STATE OF NEW YORK
Notarial No. 02KE4979340
New York County
Commission Expires Aug. 9, 2023

EXHIBIT A

# Value Extraction Services LLC

# INVOICE

PO Box 1804
New York, NY 10150-1804

**Bill To**

Inspire Summits LLC d/b/a Skytop Strategies
Christopher P Skroupa, CEO
475 Park Avenue South, Suite 920
New York, NY 10016

| | |
|---|---|
| **Invoice #** | 2019-001 |
| **Invoice Date** | 01/22/2019 |

| DESCRIPTION | AMOUNT |
|---|---|
| Business Consulting Fees - cash component capped at $2500/week week 12/9/2018 - Previously paid week 12/16/2018 week 12/30/2018 week 1/6/2019 | 7,500.00 |
| **TOTAL** | **$7,500.00** |

**Terms & Conditions**
Payment is immediately due upon receipt of funds. Thank you

**CHASE** ◐

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218-2051

January 01, 2019 through January 31, 2019

Account Number: R E D A C T E D

### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | Chase.com |
| Service Center: | 1-800-242-7338 |
| Deaf and Hard of Hearing: | 1-800-242-7383 |
| Para Espanol: | 1-888-622-4273 |
| International Calls: | 1-713-262-1679 |

00099866 DRE 802 142 03219 YNNNNNNNNNN T  1 000000000 69 0000
VALUE EXTRACTION SERVICES LLC

NEW YORK NY 10022-3053



## CHECKING SUMMARY | Chase BusinessClassic

| | INSTANCES | AMOUNT |
|---|---|---|
| Beginning Balance | | $1,816.76 |
| Deposits and Additions | 6 | 11,895.82 |
| ATM & Debit Card Withdrawals | 7 | -1,341.70 |
| Electronic Withdrawals | 3 | -4,143.00 |
| Fees | 4 | -47.50 |
| **Ending Balance** | **20** | **$8,180.38** |

The monthly service fee for this account was waived as an added feature of Chase Premier Plus Checking account.

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 01/02 | ATM Check Deposit | 01/02 360 E 57th St New York NY Card 4454 | $825.00 |
| 01/08 | ATM Check Deposit | 01/08 994 1St Ave New York NY Card 4454 | 603.76 |
| 01/15 | Fedwire Credit Via: Wells Fargo Bank/121000248 B/O: Inspire Summits LLC US Ref: Chase Nyc/Ctr/Bnf=Value Extraction Services LLC New York, NY 100223053/Ac-000000007971 Rfb=Ow000003683684 76 Imad: 0115I1B7031R007011 Trn: 2552709015Ff | | 2,500.00 |
| 01/23 | Fedwire Credit Via: Wells Fargo Bank/121000248 B/O: Inspire Summits LLC US Ref: Chase Nyc/Ctr/Bnf=Value Extraction Services LLC New York, NY 100223053/Ac-000000007971 Rfb=Ow000003727646 51 Imad: 0123I1B7031R019464 Trn: 6389609023Ff | | 5,000.00 |
| 01/24 | Fedwire Credit Via: Wells Fargo Bank/121000248 B/O: Inspire Summits LLC US Ref: Chase Nyc/Ctr/Bnf=Value Extraction Services LLC New York, NY 100223053/Ac-000000007971 Rfb=Ow000003730182 29 Imad: 0124I1B7033R001445 Trn: 0559509024Ff | | 2,500.00 |
| 01/28 | ATM Check Deposit | 01/26 360 E 57th St New York NY Card 4454 | 467.06 |
| **Total Deposits and Additions** | | | **$11,895.82** |

EXHIBIT B

**INVOICE #2019-003**

# Value Extraction Services LLC

PO Box 1804 New York, NY 10150-1804
917-306-4496 Hbarlow@valueextractionservices.com

### 1/31/2019 Payment Due immediately for services already performed

BILL TO | FOR
Christopher Skroupa Inspire Summits dba Skytop Strategies | Business Consulting Fees

475 Park Avenue South, Suite 920 New York, NY 10016
917-593-0383

**Details**

Weekly Fees of $250/hr for 10 or more hours capped at
$2500 per week

**AMOUNT**

| Details | AMOUNT |
|---|---|
| Week of 1/13/2019 | $2,500.00 |
| Week of 1/20/2019 | $2,500.00 |

| | |
|---|---|
| SUBTOTAL | $5,000.00 |
| TAX RATE | 0.00% |
| OTHER | $0.00 |
| TOTAL | $5,000.00 |

Make all checks payable to Value Extraction Services LLC

If you have any questions concerning this invoice, use the following contact information:

Hbarlow@valueextractionservices.com

**THANK YOU FOR YOUR BUSINESS!**

**INVOICE #2019-004**

# Value Extraction Services LLC

PO Box 1804 New York, NY 10150-1804
917-306-4496 Hbarlow@valueextractionservices.com

### 2/20/2019 Payment Due immediately for services already performed

BILL TO

Christopher Skroupa Inspire Summits dba Skytop Strategies

475 Park Avenue South, Suite 920 New York, NY 10016
917-593-0383

FOR

Business Consulting Fees -Weekly
Fees of $250/hr for 10 or more
hours capped at $2500 per week

| Details | AMOUNT |
|---|---|
| Week of 1/27/2019 | $2,500.00 |
| Week of 2/3/2019 | $2,500.00 |
| Week of 2/10/2019 | $2,500.00 |
| Week of 2/17/2019 | $2,500.00 |

| | |
|---|---|
| SUBTOTAL | $10,000.00 |
| TAX RATE | 0.00% |
| OTHER | $0.00 |
| TOTAL | $10,000.00 |

Make all checks payable to Value Extraction Services LLC

If you have any questions concerning this invoice, use the following contact information:

Hbarlow@valueextractionservices.com

**THANK YOU FOR YOUR BUSINESS!**

**INVOICE #2019-005**

# Value Extraction Services LLC

PO Box 1804 New York, NY 10150-1804
917-306-4496 Hbarlow@valueextractionservices.com

### 2/27/2019 Payment Due immediately for services already performed

BILL TO

Christopher Skroupa Inspire Summits dba Skytop Strategies

475 Park Avenue South, Suite 920 New York, NY 10016
917-593-0383

FOR

Business Consulting Fees -Weekly
Fees of $250/hr for 10 or more
hours capped at $2500 per week

| Details | AMOUNT |
|---|---|
| Week of 2/25/2019 | $2,500.00 |

| | |
|---|---|
| SUBTOTAL | $2,500.00 |
| TAX RATE | 0.00% |
| OTHER | $0.00 |
| TOTAL | $2,500.00 |

Make all checks payable to Value Extraction Services LLC

If you have any questions concerning this invoice, use the following contact information:

Hbarlow@valueextractionservices.com

**THANK YOU FOR YOUR BUSINESS!**

Case 1:21-cv-02094-LGS   Document 1-1   Filed 03/10/21   Page 20 of 91

EXHIBIT C

capacity. Hang in there. Travel safely.

>

> Thank you. Heather

>

> Heather L. Barlow

> Senior Managing Director

> 917-306-4496

>

>> On Mar 2, 2019, at 9:36 AM, Christopher Skroupa <cskroupa@skytopstrategies.com> wrote:

>>

>> You've been am amazing and I appreciate your dedication and desire to help.

>>

>> We need now, as of close of business yesterday, to step back for a while. Please send me an email of status of projects that I need to pick up on and I will take it from there.

>>

>> I anticipate that we might re-engage after April if need be.  But I have my sight line to the things I need to do.  We may not, however, if we move down the path as planned.

>>

>> I simply do not have budget to continue along the path we are on for now it in the near future.

>>

>> Let's hold on any further activity.  I need to hire at scale with talent at scale.

>>

>> I do wish to keep our connection and reach out to you for professional consultation when needed.

>>

>> Thanks --- c

\>>

\>>

\>>

\>> Christopher Skroupa

\>> Founder & CEO

\>> Skytop Strategies

\>> Sent from my iPhone

--

**Christopher P. Skroupa**
Founder & CEO | Skytop Strategies
475 Park Ave S. Suite 920, New York, NY 10016
Direct: +1.917.593.0383 | www.skytopstrategies.com

 SKYTOP
STRATEGIES

The Nexus for Exclusive Insight,
Empowering Executives to Navigate Change

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
—————————————————————————- X
                                            :
                                            :  Index Number_____
HEATHER BARLOW and VALUE EXTRACTION         :
SERVICES LLC,                               :
                                            :
                                            :
              v.                            :  **SUMMONS**
                                            :
                                            :
                                            :
CHRISTOPHER SKROUPA and                     :
INSPIRE SUMMITS LLC d/b/a                   :
SKYTOP STRATEGIES.                          :
                                            :
—————————————————————————X

TO THE ABOVE-NAMED DEFENDANTS:

　　　　PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED and required to answer the Verified Complaint of Plaintiffs herein and to serve a copy of your answer on the Plaintiffs' attorney at the address below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

　　　　YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the Verified Complaint.

　　　　The basis of venue designated is New York County, New York, as it is the county of residence of Plaintiffs, the county in which the events and omissions giving rise to the claim occurred, and the place of business of Defendants.

Dated: New York, New York　　　　　　　　Law Office of Carla Kerr Stearns
March 17, 2020

　　　　　　　　　　　　　　　　　　　　By: _____

　　　　　　　　　　　　　　　　　　　　Carla Kerr Stearns
　　　　　　　　　　　　　　　　　　　　29 E. 93rd Street

Case 1:21-cv-02094-LGS   Document 1-1   Filed 03/10/21   Page 24 of 91

New York, New York 10128
347-216-0922
kerrstearns@me.com

*Attorney for Plaintiffs*

Defendants' addresses:

Inspire Summits d/b/a
  Skytop Strategies
475 Park Avenue South
Suite 920
New York New York 10016

Christopher Skroupa
2249 36th St., #2
Astoria, New York 11105

EXHIBIT C

FILED: NEW YORK COUNTY CLERK 07/09/2020 10:39 AM
NYSCEF DOC. NO. Case 1:21-cv-02094-LGS   Document 1-1   Filed 03/10/21   Page 26 of 91

INDEX NO. 651739/2020
RECEIVED NYSCEF: 10/13/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

————————————————————X

                 :    Index Number 651739/2020

HEATHER BARLOW, VALUE EXTRACTION    :
SERVICES LLC, and all others similarly situated :
and/or interested parties,                 :

                  :

          Plaintiffs,   :    **AMENDED VERIFIED COMPLAINT**
                 :    **(FRAUD, CONVERSION,**
    v.                :    **CONSPIRACY TO COMMIT**
                 :    **FRAUD, INTENTIONAL**
                 :    **INFLICTION OF EMOTIONAL**
                 :    **DISTRESS, ET AL.)**

CHRISTOPHER SKROUPA,          :
INSPIRE SUMMITS LLC d/b/a       :
SKYTOP STRATEGIES, DAVID KATZ,  :
PAULA LUFF, and DOES 1-20,      :

                 :

         Defendants.    :

                 :

————————————————————X

### Preliminary Statement

1.  Plaintiffs bring this Amended Verified Complaint against Defendants

Christopher Skroupa; Skroupa's business, Inspire Summits LLC d/b/a Skytop Strategies

("Skytop"); investors in Skytop, including David Katz, a partner of Skytop sponsor

Wachtell Lipton Rosen & Katz; and advisory board members with ownership interests in

Skytop, including Paula Luff.

2.  Upon information and belief, Defendants Skroupa and Skytop operate a

fraudulent enterprise which profits in part by fraudulently inducing successive waves of

independent contractors, consultants, vendors, and/or employees to work for prolonged

periods and provide substantial services to Skytop without payment.  Plaintiffs and Roes

1 to 50 are such independent contractors, consultants, vendors, and/or employees.

Case 1:21-cv-02094-LGS   Document 1-1   Filed 03/10/21   Page 27 of 91

3.  Defendants Skroupa and Skytop ostensibly operate business conferences for which they charge attendees and sponsors.  However, unbeknownst to Plaintiffs, when Plaintiff Barlow began work as a consultant for Skytop in December 2018, upon information and belief, Plaintiff Barlow would become at least the 21st independent contractor, consultant, vendor, and/or employee from whom Defendants Skroupa and Skytop converted up to $35,000 each in unpaid professional services.

4.  Since December 2018, upon information and belief, at least another six independent contractors, consultants, and/or employees have been fraudulently induced to render additional professional services to Skytop without receiving payment. In addition to these six, upon information and belief, numerous vendors— small and large— were fraudulently induced to provide valuable services to Skytop on the promise of payment from Defendants Skroupa and Skytop, including printers, telemarketers, audio-videographers, CPAs, payroll service providers, office supply vendors, and internet service providers, and were never paid.

5.  Defendants Skroupa and Skytop further fraudulently induced Plaintiffs and Roes 1 to 50— convincing them of great urgency and assuring them of immediate repayment— to front basic corporate expenses for Skytop on their personal credit cards, including payments for the hotel venues at which conferences were held and for the meals the attendees ate.  Upon information and belief, long after the fact Defendants Skroupa and Skytop in financing documents unilaterally declared these payments to be long-term, interest-free "loans".  Upon information and belief, Roes 1 to 50 also were fraudulently induced to incur business expenses in the course of their work on behalf of Defendants Skroupa and Skytop and were never reimbursed.

6.  Upon information and belief, Roes 1 to 50 were additionally promised bonuses, health insurance, and fulfillment of such legal obligations as contributions to unemployment insurance, none of which were paid.  Upon information and belief, Defendants Skroupa and Skytop brought a health insurance provider into the Park Avenue office to make a presentation of health benefits to employees, and employees were provided with health insurance cards, but Defendants Skroupa and Skytop did not pay the insurance premiums and, after going to doctors, the employees discovered they did not actually have health insurance.

7.  Upon information and belief, when Roes 1 to 50 necessarily resigned because they were not being paid, or Defendants Skroupa and Skytop preemptively fired them because they complained about not being paid, their unemployment insurance had not been paid to the State, as represented on W2s, and they had no unemployment insurance to collect.

8.  Plaintiffs left months-long service to Skytop being owed more from Skytop than they had been paid by Skytop.

9.  To intimidate Plaintiffs into remaining silent about his fraudulent enterprise, Defendant Skroupa repeatedly telephoned and texted Plaintiffs threats if they suggested efforts at collection of monies owed them:  *e.g.*, "I will make your [professional] life a f-cking living hell", "who the f-ck do you think you are?", "back the f-ck off," "I'll handle you in a way that will embarrass the sh-t out of you…you[]… self-centered b-tch". Defendant Skroupa additionally taunted Plaintiffs and Roes 1 to 50 that they would never be able to sue him because lawyers' fees would consume their claims.

10.  Upon information and belief, Defendant Skroupa similarly threatened Roes 1

to 50, as well as threatening them with false criminal claims being made to the police and false civil claims of sexual harassment, among other threats.

11.  Upon information and belief, investors such Defendant Katz recently invested up to $1.5 million in Skytop and intend to profit therefrom, despite Skytop's substantial disclosure to them that Skytop profits from a pattern and practice of fraudulently inducing independent contractors, consultants, and/or employees to work for free and to front corporate expenses from personal monies.

12.  Upon information and belief, Defendant Luff is an advisory board member with an equity interest in Skytop and, as such, knowingly supports and seeks to profit from the continuing fraud on independent contractors, consultants, vendors, and/or employees from which Skytop profits.

13.  Defendant Skroupa meanwhile touts a 50% net profit to Skytop from total conference revenue.

### THE PARTIES, JURISDICTION AND VENUE

14.  Plaintiff Heather Barlow is a consultant who engages in operational and financial advisory work.   At all times herein, Plaintiff Heather Barlow was and is a resident of the County of New York.  Plaintiff works as a consultant through her company, Value Extraction Services LLC, a New York domestic limited liability company and also a Plaintiff herein.

15.  Defendant Christopher Skroupa ("Skroupa") is the principal, owner, Founder, and CEO of Defendant Inspire Summits LLC, a New York domestic limited liability company with its place of business in the County of New York at 475 Park Avenue

South, Suite 920, New York, New York 10016.

16. Defendant Inspire Summits LLC d/b/a Skytop Strategies ("Skytop") holds itself out as an organizer of conferences for business and legal professionals focused on different industries.

17. Upon information and belief, Defendant David Katz is an investor in Inspire Summits LLC and a partner in the law firm of Wachtell, Lipton, Rosen & Katz, headquartered at 51 West 52nd Street, New York, New York 10019. Upon information and belief, Defendant Katz speaks at Skytop's business conferences and his firm pays Skytop large marketing fees to be a leading sponsor of conferences. Upon information and belief, Defendant Katz invested in Skytop with knowledge or reckless disregard of the fact that the enterprise is engaged in the fraudulent practice of inducing independent contractors, consultants and/or employees to render services to Skytop for as long as possible without being paid, and seeks to profit therefrom.

18. Upon information and belief, Defendant Paula Luff is an advisory board member of Skytop, holds an ownership interest in Skytop, and, as such, supports the fraudulent practice of inducing independent contractors, consultants, vendors, and/or employees to render services to Skytop for as long as possible without being paid, and seeks to profit therefrom. She is founder of Viso Strategies Corporation headquartered at 460 East 79th Street, New York, New York.

19. Accordingly, this Court has jurisdiction over the Defendants pursuant to CPLR §§ 301 and 302 and venue is proper in New York County pursuant to CPLR § 503.

## FACTUAL BASIS OF THE COMPLAINT

Background of Skroupa's Fraudulent Scheme

     20.  As of December 2018, upon information and belief, Defendants Skroupa and

Skytop had the pattern and practice of fraudulently inducing independent contractors,

consultants, and/or employees to provide services to Skytop with the false promise of

payment at certain wages, fees, commissions, and bonuses, of paying them for some

period, and then of inducing them to continue working on the promise of payment

without actually paying them, until they are eventually fired or forced to quit.

     21.  As of December 2018, upon information and belief, Defendant Skroupa had

knowingly hired at least twenty (20) independent contractors, consultants, and/or

employees with the fraudulent intention of paying them for as short a time as possible,

and inducing them to continue working for Skytop with the false promise of payment for

as long as possible.

     22.  Upon information and belief, at that time, Defendants Skroupa and Skytop

owed previously hired independent contractors, consultants, and/or employees up to

$35,000 each in fees or wages.  Upon information and belief, at that time, Defendants

also owed numerous vendors for services rendered but unpaid.

     23.  Defendant Skroupa also fraudulently induced Plaintiffs and several Roes 1 to

50 to charge large sums on their credit cards to front Skytop expenses for hotels used

as conference venues.  Defendant Skroupa convinced them of great urgency and

promised that they would be paid back within days and before their bills became due.

Upon information and belief, having no intention of immediately or ever repaying these

independent contractors, consultants, and/or employees who thought in good faith they

were providing temporary aid to their boss, Defendant Skroupa unilaterally declared them to be interest-free loans, and then failed to repay them immediately or at all.

24.   Plaintiff was fraudulently induced to charge over $36,000 of Skytop hotel expenses on her credit card, and upon information and belief, an employee was fraudulently induced to charge a large sum to front another of Skytop's hotel expenses on his parents' credit card, on the promise that it would be paid before the bill was due, and the amount was not repaid.

25.   Upon information and belief, Defendant Skroupa commingles his personal monies with Defendant Skytop's monies and they cannot be treated as separate entities.   Upon information and belief, Defendants Skroupa and Skytop hold at least nine different accounts at the same bank and Defendant Skroupa makes multiple inter-account transfers between nominal business and personal accounts on any given day. Upon information and belief, Defendant Skroupa used the proceeds of a Small Business Administration loan in the first instance to pay off his personal Amex bill; his husband wired Skytop funds to pay their personal cell phone bill.

26.   Upon information and belief, Defendant Luff, as an advisory board member with an ownership interest in Skytop, was aware of, supported, and seeks to profit from Defendant Skroupa and Skytop's fraudulent scheme of inducing independent contractors, consultants, vendors, and/or employees to provide services to Skytop with the false promise of payment, and then not paying them.

27.   Upon information and belief, Defendant Katz, as an investor (as well as frequent speaker at Skytop conferences sponsored by his law firm) was aware of or acted in reckless disregard of facts presented to him, and seeks to profit from

Case 1:21-cv-02094-LGS    Document 1-1    Filed 03/10/21    Page 33 of 91

Defendant Skroupa and Skytop's fraudulent scheme of inducing independent contractors, consultants, and/or employees to provide services to Skytop with the false promise of payment and then not paying them.

28.  Upon information and belief in November and December 2018, Skytop pursued up to $1.5 million in financing, styled as a Note Purchase Agreement and Convertible Equity Instrument, from investors, including Defendant David Katz, who agreed to such instruments on the understanding they would profit therefrom.  Upon information and belief, those documents include a Disclosure or Schedule of Exceptions which substantially describes Defendant Skytop's fraudulent scheme by identifying approximately 20 independent contractors, consultants and/or employees who were unpaid by Skytop as of the financing date, in addition to the IRS, NYS Department of Taxation and Finance, and NYS Department of Labor.

29.  Upon information and belief, the Disclosure or Schedule of Exceptions also substantially describes for investors the fraudulent practice whereby a number of independent contractors, consultants, and/or employees provided Defendants Skroupa and Skytop with long-term "loans" which "do not accrue interest" from their personal funds to pay for Skytop's hotel venues and/or attendee meals for business conferences from which Skytop profited by the hundreds of thousands of dollars.

Defendants Skroupa and Skytop Fraudulently Induce Plaintiffs to Work for Them

30.  Upon information and belief, in December 2018, owing at least 20 independent contractors, consultants, and/or employees fees, wages, bonuses, and/or commissions, Defendant Skroupa added Plaintiff Barlow to the long list of persons he

would defraud and convert their livelihood to his gain.

31. On December 10, 2018, Defendant Skroupa hired Plaintiff as a consultant with the title of Chief Administrative Officer in order to help him organize conferences, control expenses, and oversee collection of accounts receivable for the Company.

32. Plaintiff, as repeatedly acknowledged by Defendant Skroupa in person, by text, and by telephone, was hired and remained hired for 11 weeks at the rate of $2500 (excluding the vacation week of December 24, 2018), through the week of February 25, 2019 ending March 1.

33. Defendants Skroupa and Skytop hired Plaintiff Barlow on a weekly basis at the rate of $2500 in fees per week for part-time work of 10 hours per week (or $250 per hour for 10 hours). Plaintiff in fact worked 25-40 hours per week and, as a courtesy, never charged Skytop for more than the agreed $2500 per week.

34. During the 11 weeks she worked for Defendants Skroupa and/or Skytop, Defendants never requested or renegotiated for a rate less than $2500 per week.

35. Despite Defendant Skroupa retaining Plaintiff Barlow, through her LLC, at the agreed rate of $2500 per week and engaging her weekly for 11 weeks, Defendant Skroupa only paid her for four weeks, leaving $17,500 unpaid.

36. At Defendant Skroupa's request, Plaintiff invoiced Defendants for her first four weeks of consulting in December 2018 and early January 2019, *i.e.,* 12/9/18, 12/16/18, 12/30/18, and 1/6/19. Skroupa wired payment for those invoices to Plaintiffs' bank account. Exhibit A.

37. After the initial four, paid weeks, Defendants Skroupa and Skytop fraudulently induced Plaintiff Barlow to continue working on the false promise of

payment for seven more weeks.

38.  At Defendant Skroupa's request, Plaintiff invoiced Defendants for her next 7 weeks of consulting.  Invoices for the weeks of 1/13/2019, 1/20/2019, 1/27/2019, 2/3/2019, 2/10/2019, 2/17/2019, and 2/25/2019 are attached as Exhibit B.  These invoices total $17,500 and remain unpaid.

39.  Defendant Skroupa continually complimented Plaintiff's work, offered her an advisory board position (which she declined), and assured her of payment during the eleven week engagement and immediately afterward.

40.  Plaintiff Barlow was even tasked with representing Skytop in speaking roles on stage at two of the three Skytop business conferences held during her engagement. Plaintiff Barlow was master of ceremonies at two conferences and also an interviewer of an important speaker at one of them.

41.  In February 2019, already in arrears in paying Plaintiff's fees, Defendant Skroupa confirmed their contract: he had hired Plaintiff for "guidance on moving through how best to get our cash flow back in track. And to give me some guidance on how to clean up some of the mess created due to stalled AR. …*I've remained engaged with you at the $2500 per week rate for the last six weeks.* Thank you for stepping in on some conference specific project management tasks. It's helped get [u]s over the hump."  (Emphasis added.)

42.  Defendant Skroupa also fraudulently induced Plaintiff Barlow to front approximately $36,000 in costs of a hotel venue and attendee meals for an upcoming Skytop conference, by charging it on her American Express card.  He convinced her of great urgency and promised that he would pay the charge within days when he received

Case 1:21-cv-02094-LGS     Document 1-1     Filed 03/10/21     Page 36 of 91

fees wire from a sponsor and before the bill became due. The wire came, but Defendant did not repay her.

43. Upon information and belief, Defendants Skroupa and Skytop netted hundreds of thousands of dollars from each of the three conferences in which Plaintiff Barlow was involved, including the one for which she had fronted the major venue expenses.

44. At the end of the engagement, on March 2, 2019, Defendant Skroupa stated that he remained extremely pleased with Plaintiff Barlow's work, stated he "might re-engage" her and "reach out" for further work after April, and stated that he planned to "keep [their] connection". He emailed: "*You are amazing and I appreciate your dedication and desire to help.* We need now, as of close of business yesterday, to step back for a while. Please send me an email of status of projects that I need to pick up on and I will take it from there. I anticipate that we might re-engage after April if need be. * * * I do wish to keep our connection and reach out to you for professional consultation when needed." Exhibit C (emphasis added).

45. Defendant must have been especially pleased that Plaintiff Barlow left the Skytop engagement being owed more from Skytop than she had been paid.

46. Attempts at collection soon changed Defendant Skroupa's tone, however.

Defendant Skroupa Turns to Insults and Threats

47. Plaintiffs, and upon information and belief, Roes 1 to 50 have repeatedly suffered through Defendant's Skroupa's lies, threats, insults, and harassment when they make efforts to collect what is owed to them. Defendant begins by lying that he will wire

or has wired them money, and he sends them to check and re-check their accounts. Defendant then threatens. Some he threatened with calling the police with false claims of criminality, such as theft. He also threatened false bases for firings and legal action against employees, including for false claims of sexual harassment against him by employees who worked for him. Others he threatens with professional embarrassment.

48. Defendant Skroupa waited until six months after her engagement, until October 2019, to suggest that Plaintiff did not deserve her fees. He now asserts in his Answer and Counter-Claim, long after the fact, that Plaintiff owes him her fees *back* for the little time she was paid for services she rendered to Defendants, *i.e.*, Defendant Skroupa seeks back the four weeks of fees he paid Plaintiff out of the eleven weeks she worked for him, apparently including the two Skytop conferences for which she had on-stage, speaking roles as a Skytop representative.

49. Defendant Skroupa has engaged in a campaign of intimidation and harassment in an effort to keep Plaintiff Barlow from seeking legal help in trying to collect her money, by calling or texting her insults and threats.

50. In one telephone conversation from the spring of 2019, Defendant Skroupa admitted he owed Plaintiff Barlow $10,000 per month in fees (four weeks per month at $2500), as well as owing her repayment of the Skytop conference expenses he had Plaintiff charge on her American Express card. Defendant Skroupa expresses great fury that Plaintiff had deposited a check he gave her to cover the more than $36,000 in charges she had incurred in Skytop expenses, and that he then stopped payment on. His profanity-laced call threatens her with professional embarrassment, while promising to pay her. The following is an excerpt of the recording, with "HB" as Plaintiff Heather

Barlow and "CS" as Defendant Christopher Skroupa:

CS: "*Who the fuck do you think you are, Heather. Do you really want to fucking fight with me?*

HB: Please, dear.

CS: Do you want to fight with me, Heather?
        * * *

HB: I'm not being difficult. I now have my personal credit at risk.

CS: Well *it's going to be at even greater risk*....Don't be so unbelievably difficult.

HB: I don't think I've been difficult.

CS: Since *I'm paying you*, that's my interpretation. ...*You want to take me on? Fuck you. I will make your life a fucking living hell.*

HB: What would you like me to do?

CS: *I will make your life a fucking living hell and I know how to do it.*

HB: What would you like me to do?

CS: *I want you to back the fuck off.* I'm going to wire you the Amex money....

HB: When will you wire the money to me?

CS: I will let you know... sometime in the next 3-5 days when I will wire it to you....I will take care of it. And then you can take your Amex and *I'm going to have a balance of a bill and I'm going to pay that...I will pay the balance of the consulting bill over the course of a few weeks and then we're done.* But how dare you act this way toward me. *You act like you can pull rank on me. Who the fuck do you think you are, Heather?* You don't know me. You don't know anything about me. And for you to behave this way is so unbelievably self centered. If you're that hard up for consulting work go find it somewhere else. ...leave me the fuck alone. *Don't handle me. I'll handle you right back. And I'll handle you in a way which will embarrass the shit out of you. I'm not afraid of you.*

HB: Chris, send me the Amex within 3-5 business days and *pay the balance of my fees and we are done.*

CS: *Thank you."*

(Emphasis added.)

51. Plaintiff Barlow received at least 10 insulting, harassing, and intimidating

Case 1:21-cv-02094-LGS   Document 1-1   Filed 03/10/21   Page 39 of 91

calls and texts to discourage Plaintiff from collection efforts until she began litigation 12

months later. The balance of the Amex charge was only paid as the result of litigation,

16 months later.  Upon information and belief, similar "loans" to Roes 1 to 50 remain

unpaid.

<u>FIRST CAUSE OF ACTION</u>
(Fraud against All Defendants)

52.  Plaintiffs repeat and reallege the allegations of paragraphs 1 through 51 as

though fully set forth herein.

53.  Upon information and belief, Defendants made several misrepresentations

that were materially false and made omissions that were materially fraudulent, including

that:

(a) Defendant Skytop profited from business conferences alone, and/or

did not profit from fraudulently inducing independent contractors, consultants, vendors,

and/or employees to provide services without payment.

(b) Defendants Skroupa and Skytop intended to and would in fact pay

independent contractors, consultants, vendors, and/or employees for services rendered.

(c) Defendants Skroupa and Skytop were employers and contractors

engaged in good faith business dealings.

(d) Defendants Skroupa and Skytop were employers and contractors who

would pay the wages, fees, commissions, bonuses, unemployment insurance, and/or

health benefits they had represented they would pay and/or contracted to pay.

(e) Defendants Skroupa and Skytop behaved legally and in good faith by

seeking to and in fact placing charges for corporate expenses on the credit cards or

Case 1:21-cv-02094-LGS    Document 1-1    Filed 03/10/21    Page 40 of 91

personal accounts of independent contractors, consultants, and/or employees.

       (f) Defendants Skroupa and Skytop behaved legally and in good faith by suggesting to independent contractors, consultants, and/or employees that paying Skytop business expenses on their credit cards or personal accounts was a fair condition of their employment or engagement.

54.  Upon information and belief, Defendants knew or were reckless in failing to know, each of these representations to be false or these omissions to be fraudulent.

55.  As a result, Plaintiffs and Roes 1 to 50 were fraudulently induced to work for prolonged periods, and provide services to Defendants, which were unpaid.

56.  As a result, Plaintiffs and Roes 1 to 50 were fraudulently induced to front Defendants expenses which became unpaid, interest-free loans to Defendants.

57.  As a result, Roes 1 to 50 were denied health benefits and other benefits promised to them falsely.

58.  As a result, Roes 1 to 50 eventually left employment with Defendants being owed their livelihood, and then were not able to collect unemployment insurance because Defendants Skroupa and Skytop had not made the obligatory payments to the unemployment insurance fund.

59.  Plaintiffs and Roes 1 to 50 reasonably relied on the false representations and/or material omissions of Defendants to forego other employment, to be induced to work without payment, to be induced into fronting corporate expenses for Skytop, and to be induced into greater and greater personal financial losses as a result of their association with Defendants.

60.  Plaintiffs and Roes 1 to 50 seek damages of lost wages, fees, bonuses,

FILED: NEW YORK COUNTY CLERK 07/09/2020 10:39 AM
NYSCEF DOC. NO. Case 1:21-cv-02094-LGS   Document 1-1   Filed 03/10/21   Page 41 of 91

INDEX NO. 651739/2020
RECEIVED NYSCEF: 10/13/2020

commissions, unemployment insurance, as well as interest, punitive damages,

attorneys' fees, costs, and disbursements.

## SECOND CAUSE OF ACTION
(Conspiracy to Commit Fraud against Defendants
Katz and Luff)

61.  Plaintiffs repeat and reallege the allegations of paragraphs 1 through 60 as

though fully set forth herein.

62.  Upon information and belief, Defendant Katz and investors Does 1 to 10

were made aware in writing as of December 2018, if not before, of Defendants Skroupa

and Skytop's fraudulent scheme of profiting by inducing successive waves of

independent contractors, consultants, and/or employees to provide unpaid services to

Skytop and, far from putting an end to such scheme before Plaintiff Barlow and others

would be caught up in it, sought to invest in it and profit therefrom.

63.  Upon information and belief, Defendant Luff and Does 11 to 20, as advisory

board members for Skytop with ownership interests in Skytop, were aware of

Defendants Skroupa and Skytop's fraudulent scheme of profiting by inducing

successive waves of independent contractors, consultants, vendors, and/or employees

to provide unpaid services to Skytop and, far from putting an end to such scheme

before Plaintiff Barlow and others would be caught up in it, supported it and sought to

profit therefrom.

64.  Plaintiffs and Roes 1 to 50 seek damages of lost wages, fees, bonuses,

commissions, unemployment insurance, as well as interest, punitive damages,

attorneys' fees, costs, and disbursements.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment and Restitution against all Defendants)

65.  Plaintiffs repeat and reallege the allegations of paragraphs 1 through 64 as though fully set forth herein.

66.  Plaintiff Barlow worked for Defendants Skroupa and Skytop as a consultant, serving in the capacity of Chief Administrative Officer, for a total of 11 weeks at a weekly rate of $2500.

67.  Defendants acknowledged the value of Plaintiff's work as Chief Administrative Officer by paying her the $2500 for four weeks, continuing her services for another seven weeks, and assuring her of payment.

68.  Defendants were free to forego Plaintiff's services as consultant if they no longer valued them, but they did in fact value them and continued said services by fraudulently inducing Plaintiff to continue working on the promise that she would be paid until March 2, 2019.

69.  Defendants obtained the value of said services, including as a representative of Skytop on stage at its conferences, and were unjustly enriched by the value of said services.

70.  Upon information and belief, Defendants' unjust enrichment by conversion of Plaintiff Barlow's services was part of a pattern and practice to induce dozens of independent contractors, consultants, vendors, and/or employees to work unpaid for as long as possible.

71.  Plaintiff seeks restitution for such unjust enrichment of $17,500, plus 9% statutory interest, attorneys' fees, costs, and disbursements. Roes 1 to 50 similarly seek restitution for unpaid services and work for Defendant Skytop.

<u>FOURTH CAUSE OF ACTION</u>
(Conversion against Defendants Skroupa and Skytop)

72.  Plaintiffs repeat and reallege the allegations of paragraphs 1 through 71 as though fully set forth herein.

73.  Defendants Skroupa and Skytop hired successive waves of independent contractors, consultants, vendors, and employees by making false promises of paying them wages, fees, commissions, bonuses, and benefits for the duration of their work and in full payment of their services, when Defendants had no intention of paying them in full or at all.

74.  Defendants Skroupa and Skytop intended to deprive successive waves of independent contractors, consultants, vendors, and employees of their livelihood by assuring them of payment, but intentionally paying them as little as possible and inducing them to work unpaid for as long as possible.

75.  Defendants Skroupa and Skytop intentionally converted the livelihoods of independent contractors, consultants, vendors, and employees to Defendants' benefit and profit.

76.  Plaintiff Barlow was at least the 21st independent contractor, consultant, or employee that Defendants Skroupa and Skytop falsely promised payment for services rendered, paid for a short period of time, and then did not pay for a significantly longer period of time.  Given that Defendants had not paid the prior 20 fully or at all, they certainly had no intention of paying the 21st.

77.  Defendants Skroupa and Skytop are liable to Plaintiffs for conversion of fees, in addition to interest, attorneys' fees, punitive damages, costs, and disbursements.

Case 1:21-cv-02094-LGS   Document 1-1   Filed 03/10/21   Page 44 of 91

FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress against
Defendants Skroupa and Skytop)

78.  Plaintiffs repeat and reallege the allegations of paragraphs 1 through 77 as though fully set forth herein.

79.  Defendant Skroupa's conduct of insults, threats, lies, harassment, and intimidation toward Plaintiff and Roes 1 to 50 was extreme and outrageous.  Defendant Skroupa converted the livelihoods of dozens of individuals, and then sought to silence them with intentional and despicable conduct and speech over weeks, months, and years.  He gave people checks that he stopped payment on when they deposited; he claimed to have wired money to accounts and sent people to repeatedly check their accounts, having sent nothing; he threatened to send the police to employees seeking their wages with false claims of criminality; he threatened them with civil accusations of sexual harassment; he denigrated people's work only after they sought to collect their wages and fees for such work; he insulted and threatened with professional ruin anyone trying to collect their own money from him.

80.  Each of these episodes, individually and cumulatively, directly and immediately caused Plaintiff Barlow and Roes 1 to 50 damages in the form of emotional distress, anxiety, daily stress, and sleeplessness.

81.  Punitive damages are necessary to deter Defendant Skroupa from engaging in this outrageous behavior toward independent contractors, consultants, vendors, and/or employees in the future.

Case 1:21-cv-02094-LGS   Document 1-1   Filed 03/10/21   Page 45 of 91

SIXTH CAUSE OF ACTION
(Breach of Contract against Defendants Skroupa
and Skytop)

82.  Plaintiffs repeat and reallege the allegations of paragraphs 1 through 81 as
though fully set forth herein.

83.  Defendants contracted for Plaintiffs' services at the rate of $2500 per week
for each week Plaintiff Barlow worked as a consultant for Defendants.

84.  Defendants did not end that arrangement until March 2, 2019, as per the
email quoted in paragraph 10 and attached as Exhibit C.

85.  Despite that agreement, Defendants failed to pay for seven weeks of
Plaintiffs' services, totaling $17,500.

86.  Upon information and belief, dozens of Roes were similarly deprived of their
wages, fees, commissions, and bonuses in an amount to be determined upon their
joinder and at trial.

87.  Defendants breached their contract to Plaintiff Barlow and Plaintiffs have
been harmed as a result and seek damages of $17,500, plus 9% statutory interest,
attorneys' fees, costs, and disbursements.

SEVENTH CAUSE OF ACTION
(Promissory Estoppel against Defendants Skroupa
and Skytop)

88.  Plaintiffs repeat and reallege the allegations of paragraphs 1 through 87 as
though fully set forth herein.

89.  Defendants made a clear and unambiguous promise to pay $2500 per week
for Plaintiff's services as a consultant, as evidenced by the February 17, 2019 email and

payments for the first four weeks of service evidenced in Exhibit A.

90.  Defendants continued Plaintiff's services at said rate for each of the next seven weeks.

91.  Plaintiff reasonably relied on said promise each week until Defendant discontinued the services on March 2, 2019.  Plaintiff demonstrated such reliance by working diligently and foregoing other work and prospects of work.  Plaintiff worked  far beyond the contracted number of hours each week.

92.  Upon information and belief, dozens of Roes were similarly deprived of their wages, fees, commissions, and bonuses in an amount to be determined upon their joinder and at trial.

93.  Plaintiff suffered the loss of $17,500 as a result of Defendants' promise to pay for consultancy services, in addition to 9% statutory interest owed on said monies, attorneys' fees, costs, and disbursements required to collect for services for which Defendants promised to pay.  In addition, punitive damages should be awarded to deter Defendant Skroupa from continuing his pattern of deceit.


WHEREFORE, Plaintiffs Heather Barlow and Value Extraction Services LLC demand judgment against Defendants Christopher Skroupa, Inspire Summits LLC  d/b/a Skytop Strategies, David Katz, and Paula Luff for lost wages, fees, bonuses, benefits, and/or commissions, plus interest, attorneys' fees, costs, disbursements, punitive damages, and such other relief as the Court deems just and necessary.

Dated: New York, New York
           July 8, 2020

Law Office of Carla Kerr Stearns

By: _____

Carla Kerr Stearns
29 E. 93rd Street
New York, NY 10128
(347) 216-0922

Attorneys for Plaintiff

Defendants Skroupa and Skytop, by their attorney:

Christopher Neff
Moskowitz & Book, LLP
345 Seventh Avenue, 21st Floor
New York, NY 10001

Defendant David Katz address at his place of business:

Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York 10019

Defendant Paula Luff address at her place of business:

Viso Strategies Corp.
460 East 79th Street, # 15E
New York, New York  10075

## VERIFICATION

I, Heather Barlow, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action, as is my LLC, Value Extraction Services LLC. I have read the foregoing Amended Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

**Heather Barlow**
**Plaintiff**

Sworn to before me
this ___ day of July, 2020

**Notary Public**

KEVIN LOPEZ
Notary Public, State of New York
Registration No. 01LO6301999
Qualified in New York County
Commission Expires May 6, 2023

EXHIBIT A

# Value Extraction Services LLC

# INVOICE

PO Box 1804
New York, NY 10150-1804

| **Bill To** | **Invoice #** | 2019-001 |
|---|---|---|
| Inspire Summits LLC d/b/a Skytop Strategies | **Invoice Date** | 01/22/2019 |
| Christopher P Skroupa, CEO | | |
| 475 Park Avenue South, Suite 920 | | |
| New York, NY 10016 | | |

| **DESCRIPTION** | **AMOUNT** |
|---|---|
| Business Consulting Fees - cash component capped at $2500/week<br>week 12/9/2018 - Previously paid<br>week 12/16/2018<br>week 12/30/2018<br>week 1/6/2019 | 7,500.00 |
| **TOTAL** | **$7,500.00** |

**Terms & Conditions**
Payment is immediately due upon receipt of funds. Thank you

**CHASE** ◯

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218-2051

January 01, 2019 through January 31, 2019
Account Number: REDACTED

### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | Chase.com |
| Service Center: | 1-800-242-7338 |
| Deaf and Hard of Hearing: | 1-800-242-7383 |
| Para Espanol: | 1-888-622-4273 |
| International Calls: | 1-713-262-1679 |

00099866 DRE 802 142 03219 YNNNNNNNNNN T 1 000000000 69 0000
VALUE EXTRACTION SERVICES LLC

NEW YORK NY 10022-3053



## CHECKING SUMMARY    Chase BusinessClassic

| | INSTANCES | AMOUNT |
|---|---|---|
| Beginning Balance | | $1,816.76 |
| Deposits and Additions | 6 | 11,895.82 |
| ATM & Debit Card Withdrawals | 7 | -1,341.70 |
| Electronic Withdrawals | 3 | -4,143.00 |
| Fees | 4 | -47.50 |
| **Ending Balance** | **20** | **$8,180.38** |

The monthly service fee for this account was waived as an added feature of Chase Premier Plus Checking account.

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 01/02 | ATM Check Deposit    01/02 360 E 57th St New York NY Card 4454 | $825.00 |
| 01/08 | ATM Check Deposit    01/08 994 1St Ave New York NY Card 4454 | 603.76 |
| 01/15 | Fedwire Credit Via: Wells Fargo Bank/121000248 B/O: Inspire Summits LLC US Ref: Chase Nyc/Ctr/Bnf=Value Extraction Services LLC New York, NY 100223053/Ac-000000007971 Rfb=Ow000003683684 76 Imad: 0115I1B7031R007011 Trn: 2552709015Ff | 2,500.00 |
| 01/23 | Fedwire Credit Via: Wells Fargo Bank/121000248 B/O: Inspire Summits LLC US Ref: Chase Nyc/Ctr/Bnf=Value Extraction Services LLC New York, NY 100223053/Ac-000000007971 Rfb=Ow000003727646 51 Imad: 0123I1B7031R019464 Trn: 6389609023Ff | 5,000.00 |
| 01/24 | Fedwire Credit Via: Wells Fargo Bank/121000248 B/O: Inspire Summits LLC US Ref: Chase Nyc/Ctr/Bnf=Value Extraction Services LLC New York, NY 100223053/Ac-000000007971 Rfb=Ow000003730182 29 Imad: 0124I1B7033R001445 Trn: 0559509024Ff | 2,500.00 |
| 01/26 | ATM Check Deposit    01/26 360 E 57th St New York NY Card 4454 | 467.06 |
| **Total Deposits and Additions** | | **$11,895.82** |

EXHIBIT B

**INVOICE #2019-003**

# Value Extraction Services LLC

PO Box 1804 New York, NY 10150-1804
917-306-4496 Hbarlow@valueextractionservices.com

### 1/31/2019 Payment Due immediately for services already performed

BILL TO

Christopher Skroupa Inspire Summits dba Skytop Strategies

475 Park Avenue South, Suite 920 New York, NY 10016
917-593-0383

FOR

Business Consulting Fees

| Details | AMOUNT |
|---|---|
| Weekly Fees of $250/hr for 10 or more hours capped at $2500 per week | |
| Week of 1/13/2019 | $2,500.00 |
| Week of 1/20/2019 | $2,500.00 |

| | |
|---|---|
| SUBTOTAL | $5,000.00 |
| TAX RATE | 0.00% |
| OTHER | $0.00 |
| TOTAL | $5,000.00 |

Make all checks payable to Value Extraction Services LLC

If you have any questions concerning this invoice, use the following contact information:

Hbarlow@valueextractionservices.com

**THANK YOU FOR YOUR BUSINESS!**

**INVOICE #2019-004**

# Value Extraction Services LLC

PO Box 1804 New York, NY 10150-1804
917-306-4496 Hbarlow@valueextractionservices.com

### 2/20/2019 Payment Due immediately for services already performed

| BILL TO | FOR |
|---|---|
| Christopher Skroupa Inspire Summits dba Skytop Strategies | Business Consulting Fees -Weekly Fees of $250/hr for 10 or more hours capped at $2500 per week |
| 475 Park Avenue South, Suite 920 New York, NY 10016 917-593-0383 | |

| Details | AMOUNT |
|---|---|
| Week of 1/27/2019 | $2,500.00 |
| Week of 2/3/2019 | $2,500.00 |
| Week of 2/10/2019 | $2,500.00 |
| Week of 2/17/2019 | $2,500.00 |

|  |  |
|---|---|
| SUBTOTAL | $10,000.00 |
| TAX RATE | 0.00% |
| OTHER | $0.00 |
| TOTAL | $10,000.00 |

Make all checks payable to Value Extraction Services LLC

If you have any questions concerning this invoice, use the following contact information:

Hbarlow@valueextractionservices.com

**THANK YOU FOR YOUR BUSINESS!**

**INVOICE #2019-005**

# Value Extraction Services LLC

PO Box 1804 New York, NY 10150-1804
917-306-4496 Hbarlow@valueextractionservices.com

### 2/27/2019 Payment Due immediately for services already performed

| BILL TO | FOR |
|---|---|
| Christopher Skroupa Inspire Summits dba Skytop Strategies | Business Consulting Fees -Weekly Fees of \$250/hr for 10 or more hours capped at \$2500 per week |
| 475 Park Avenue South, Suite 920 New York, NY 10016 917-593-0383 | |

| Details | AMOUNT |
|---|---|
| Week of 2/25/2019 | \$2,500.00 |

| | |
|---|---|
| SUBTOTAL | \$2,500.00 |
| TAX RATE | 0.00% |
| OTHER | \$0.00 |
| TOTAL | \$2,500.00 |

Make all checks payable to Value Extraction Services LLC

If you have any questions concerning this invoice, use the following contact information:

Hbarlow@valueextractionservices.com

**THANK YOU FOR YOUR BUSINESS!**

Case 1:21-cv-02094-LGS   Document 1-1   Filed 03/10/21   Page 56 of 91

EXHIBIT C

capacity. Hang in there. Travel safely.

>

> Thank you. Heather

>

> Heather L. Barlow

> Senior Managing Director

> 917-306-4496

>

>> On Mar 2, 2019, at 9:36 AM, Christopher Skroupa <cskroupa@skytopstrategies.com> wrote:

>>

>> You've been am amazing and I appreciate your dedication and desire to help.

>>

>> We need now, as of close of business yesterday, to step back for a while. Please send me an email of status of projects that I need to pick up on and I will take it from there.

>>

>> I anticipate that we might re-engage after April if need be. But I have my sight line to the things I need to do. We may not, however, if we move down the path as planned.

>>

>> I simply do not have budget to continue along the path we are on for now it in the near future.

>>

>> Let's hold on any further activity. I need to hire at scale with talent at scale.

>>

>> I do wish to keep our connection and reach out to you for professional consultation when needed.

>>

>> Thanks --- c

>>
>>
>>
>> Christopher Skroupa
>> Founder & CEO
>> Skytop Strategies
>> Sent from my iPhone

--

**Christopher P. Skroupa**
Founder & CEO | Skytop Strategies
475 Park Ave S. Suite 920, New York, NY 10016
Direct: +1.917.593.0383 | www.skytopstrategies.com

 SKYTOP
STRATEGIES

The Nexus for Exclusive Insight,
Empowering Executives to Navigate Change

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
— — — — — — — — — — — — — — — — — — — — — — — X
                                                    :
                                                    :   Index Number 651739/2020
                                                    :
HEATHER BARLOW, VALUE EXTRACTION            :
SERVICES LLC, and all others similarly situated    :
and/or interested parties,                          :
                                                    :
                            Plaintiffs,             :
            v.                                      :   **AMENDED SUMMONS**
                                                    :
                                                    :
                                                    :
CHRISTOPHER SKROUPA,                        :
INSPIRE SUMMITS LLC d/b/a                    :
SKYTOP STRATEGIES, DAVID KATZ,              :
PAULA LUFF, and DOES 1-20,                   :
                                                    :
                            Defendants.             :
— — — — — — — — — — — — — — — — — — — — — — — X

TO THE ABOVE-NAMED DEFENDANTS:

        PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED and required to answer the Amended Verified Complaint of Plaintiffs herein and to serve a copy of your answer on the Plaintiffs' attorney at the address below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

        YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the Amended Verified Complaint.

        The basis of venue designated is New York County, New York, as it is the county of residence of Plaintiffs, the county in which the events and omissions giving rise to the claim occurred, and the place of business of Defendants.

Dated: New York, New York              Law Office of Carla Kerr Stearns
July 9, 2020

                                       By: _Carla K. Stearns_

Carla Kerr Stearns
29 E. 93rd Street
New York, New York 10128
347-216-0922
kerrstearns@me.com

*Attorney for Plaintiffs*

To Defendants Skroupa and Inspire Summit's counsel of record:

Christopher Neff
Moskowitz & Book
345 Seventh Avenue, 21st Floor
New York, NY 10001


To Defendant David Katz:

David Katz, Esq.
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York  10019

or,

1 Knollwood Dr.
Larchmont, New York  10538-1236


To Defendant Paul Luff:

460 East 79th Street, # 15E
New York, New York  10075

EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
— — — — — — — — — — — — — — — — — — — — —X
                         :

HEATHER BARLOW, VALUE EXTRACTION  :   Index Number 651739/2020
SERVICES LLC, PHILLIP LOFASO, JAKE    :
HENDRICKSON, MAKEEDA PERKINS,     :
MAURA MURPHY, MARINA PUSHKINA, JEN  :
DOBIES, ROES 1-2, and all others similarly  :
situated and/or interested parties,       :
                         :

              Plaintiffs,  :  **SECOND AMENDED CLASS**
                         :  **ACTION COMPLAINT FOR FRAUD,**
                         :  **FALSE ADVERTISING AND**
                         :  **DECEPTIVE PRACTICES UNDER**
          v.              :  **GBL §§ 349-50, FLSA VIOLATIONS,**
                         :  **CONSPIRACY TO COMMIT FRAUD,**
                         :  **CONVERSION, INTENTIONAL**
                         :  **INFLICTION OF EMOTIONAL**
                         :  **DISTRESS, ET AL.)**
                         :
CHRISTOPHER SKROUPA,          :
INSPIRE SUMMITS LLC d/b/a       :
SKYTOP STRATEGIES, DAVID KATZ,   :
JOHN STEPHEN WILSON, PAULA LUFF,  :
and ADVISORY BOARD MEMBERS DOES 1-5.:
                         :
             Defendants.  :
                         :
— — — — — — — — — — — — — — — — — — — — —X

## PRELIMINARY STATEMENT

      The above named Plaintiff consultants, exempt and non-exempt

employees, vendors, and participants in Defendants' "Skytop" conferences, on behalf of

themselves and all others similarly situated, bring this class action for fraud, false

advertising and deceptive practices under New York's General Business Law, violations

of the Federal Labor Standards Act and New York Labor Law, conspiracy to commit

fraud, conversion, intentional infliction of emotional distress, among other causes of

action, and allege as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs each represent subclasses of consultants, exempt employees, non-exempt employees, vendors, and participants in Skytop conferences whom Defendants defrauded of fees, wages, bonuses, commissions, overtime, health care insurance, among other compensation and reimbursables, and participant payments to Skytop:

    a. Plaintiff Heather Barlow is a consultant who engages in operational and financial advisory work.  At all times herein, Plaintiff Barlow was and is a resident of the County of New York.  Plaintiff works as a consultant through her company, Value Extraction Services LLC, a New York domestic limited liability company and also a Plaintiff herein.  On December 10, 2018, Defendants Christopher Skroupa ("Skroupa"), through his company, Inspire Summits LLC d/b/a Skytop Strategies ("Skytop"), hired Plaintiff Barlow part-time each week for 11 weeks at the rate of $2,500 per week.  He in fact used her full time.  Defendant Skroupa paid her for the first four weeks, continued to re-hire her each week and assured her of payment, but did not pay her the last seven weeks, totaling $17,500 of professional services for which she was unpaid.  Defendant Skroupa made repeated assurances he would pay her, admitted he owed her the $17,500, and then lied and threatened her if she pursued her claim.  Plaintiff Barlow and her LLC represent the subclass of unpaid consultants.

    b. Phillip LoFaso was an exempt employee, hired as Chief Marketing Officer by Defendants Skroupa and Skytop.  In June 2017, Defendant Skroupa hired Plaintiff LoFaso at the contracted annual rate of $110,000, plus bonus in the event

Skytop hit a certain level of profit. Plaintiff LoFaso was forced to leave Skytop in May 2019 when he was unpaid for $13,500 of salary and $7,500 of earned bonus. Defendant Skroupa made repeated assurances he would pay him, admitted he owed him the salary and bonus, and then lied and threatened him if he pursued his claim. Plaintiffs LoFaso represents the subclass of unpaid exempt employees.

        c. Jake Hendrickson was an exempt employee, hired as VP for Sponsorship Sales by Defendants Skroupa and Skytop. On November 6, 2017, Defendant Skroupa hired Plaintiff Hendrickson at the contracted annual rate of $75,000, plus reimbursable health care insurance up to $800 per month, and commissions on Skytop's sponsorship income from conferences. Plaintiff Hendrickson was forced to leave Skytop in January 2020 when he was unpaid for $22,000 of salary, $19,200 of unreimbursed health insurance, $2,400 of unreimbursed business expenses, and $100,000 in earned commissions. Defendant Skroupa made repeated assurances he would pay him, admitted he owed him the above, and then simply lied and threatened him if he pursued his claim. Plaintiff Hendrickson also represents the subclass of unpaid exempt employees.

        d. Makeeda Perkins was an exempt employee, hired as Director of Human Resources and Talent. In January 2018, Defendant Skroupa hired Plaintiff at the contracted annual salary of $85,000 plus 15% bonus, reimbursable health care insurance up to $800 per month, and vacation, etc. Plaintiff Perkins was forced to leave Skytop in July 2020 when she was unpaid $16,346.16 in salary and unused vacation days, plus an earned bonus of $4,000. Defendant Skroupa made repeated assurances he would pay her, admitted he owed her the above, and then lied about owing her.

Plaintiff Perkins also represents the subclass of unpaid exempt employees.

e. Maura Murphy was a non-exempt employee, hired as a program director by Defendants Skroupa and Skytop. In January 2017, Defendant Skroupa hired Plaintiff at the annual salary of $60,000 for a 40 hour work week. Despite being a non-exempt employee, she was constantly required to work overtime on evenings and weekends and was never paid overtime. Plaintiff Murphy was forced to leave Skytop in November 2018 when she was unpaid $22,365 in salary, plus an earned bonus of $4,000, as well as unpaid overtime, etc. Defendant Skroupa made repeated assurances he would pay her, admitted he owed her the above, and then lied and threatened her if she pursued her claim. Plaintiff Murphy represents the subclass of unpaid non-exempt employees with unpaid overtime and other claims pursuant to the Federal Labor Standards Act and New York Labor Law.

f. Marina Pushkina was a non-exempt employee, hired as webmaster and IT specialist hired by Defendants Skroupa and Skytop. In July 2017, Defendant Skroupa hired Plaintiff at the annual salary of $50,000 for a 40 hour work week. Despite being a non-exempt employee, she was required to work overtime on weekends reviewing emails that came into the Skytop website and was never paid overtime. Plaintiff Pushkina was forced to leave Skytop in July 2019 when she was unpaid for three weeks of salary of $2,900, as well as an unpaid raise in 2018 of $6,000, and unpaid overtime, etc. Defendant Skroupa made repeated assurances he would pay her, admitted he owed her, and then simply lied that he would pay her without actually doing so. Instead he repeatedly bounced checks to her. Plaintiff Pushkina also represents the subclass of unpaid non-exempt employees with unpaid overtime and other claims

pursuant to the Federal Labor Standards Act and New York Labor Law.

g.  Jen Dobies was a non-exempt employee, hired as Sponsorship/ Delegate Engagement Associate by Defendants Skroupa and Skytop after she responded to their advertisement on a public website posting jobs for Skytop. Glassdoor, Indeed, and Linked In all included Skytop's job postings, which made false representations that Skytop had "significant capital funding" and "foster[ed] a high-performance culture" and that the position offered the "rapid potential to grow" in a favorable work environment.  In July 2017, Defendant Skroupa hired Plaintiff Dobies at the initial annual rate of $38,000, plus bonus, and that increased to an annual salary of $50,700, plus bonus, effective April 2018.  Plaintiff Dobies was forced to leave Skytop in December 2018 when she was unpaid for $22,200 of salary and bonus.  Defendant Skroupa made assurances he would pay her, admitted he owed her, and then simply lied and threatened her if she pursued her claim.  Plaintiff Dobies represents the subclass of unpaid employees who responded to false advertisements made by Defendants on public websites about the working environment at Skytop in violation of General Business Law §§ 349-50.

h.  Roe 1 is a vendor of goods and services to Defendant Skytop. Defendant Skroupa contracted with numerous vendors to provide such goods and services such as food and catering, printing, telemarketing, accounting, payroll, meeting rooms, and audiovisual services to Skytop conferences and then did not pay them, in whole or in part.  Defendant Skroupa made assurances he would pay them, admitted he owed the money, and then failed to pay them.  Plaintiff Roe 1 represents the subclass of unpaid vendors of Skytop.

i. Roe 2 is a Skytop conference participant who paid from $1,000 to $30,000 to attend, speak at, and/or sponsor a Skytop conference, having been led to believe from Skytop's website and publicly-available conference material that she was paying to participate as a co-equal with Defendant David Katz and his firm, Wachtell, Lipton Rosen & Katz, respectively, a prominent "speaker" and "sponsor" of Skytop conferences, who were ostensibly participating solely because of interest in the subject matter and paying the same or similar amounts. On information and belief, Defendant Katz and his firm were profiting from Plaintiff Roe 2's payments and not paying the same amounts, if they paid at all. Plaintiff Roe 2 was led to believe by implication or direct representations on websites and publicly-available conference material that she was participating with Defendant Katz and his firm as outsiders objectively interested in the subject matter and paying equal or similar amounts to participate as they were, when, on information and belief, Defendant Katz and his firm were in fact insiders profiting from said attendance and sponsorship, and engaging in deceptive practices by hiding their interest as insiders in violation of General Business Law §§ 349-50. Plaintiff Roe 2 represents a subclass of Skytop conference participants who paid excessive rates to participate in Skytop conferences

2. Defendant Skroupa is the principal, owner, founder, and CEO of Defendant Inspire Summits LLC, a New York domestic limited liability company which at all relevant times had its place of business in the County of New York at 475 Park Avenue South, Suite 920, New York, New York 10016. Inspire Summits LLC does business as Skytop Strategies ("Skytop"). Defendant Skroupa is liable in his personal and professional capacity, as he commingles Skytop's accounts with his own personal

accounts, with the accounts of his domestic partner, Defendant John Stephen Wilson ("Wilson"), and accounts of the Skroupa/Wilson household.

3. Defendant Skytop holds itself out as an organizer of conferences for business and legal professionals focused on different industries.

4. Defendant David Katz ("Katz") is an active investor, part owner, and/or de facto partner in Skytop, as well as a speaker at Skytop conferences, and a partner in the law firm of Wachtell, Lipton, Rosen & Katz, headquartered at 51 West 52nd Street, New York, New York 10019, which he puts forward as a prominent sponsor of Skytop conferences. He knowingly or recklessly participates in the Skytop fraud.

5. Defendant Wilson is Defendant Skroupa's domestic partner and currently a Skytop employee, who at all relevant times herein profited from Skytop activities and commingles funds from Skytop's accounts with his own personal accounts, with the accounts of his domestic partner, Defendant Skroupa, and accounts of the Skroupa/ Wilson household.

6. Defendant Paula Luff and Advisory Board Members Does 1-5 are advisory board members of Skytop who hold current or contingent ownership interests in Skytop and knowingly or recklessly participate in the Skytop fraud. Paula Luff lives and works in New York County.

7. The Defendants' place of business is in New York County and the acts and omissions giving rise to this Second Amended Complaint occurred in New York County.

8. Accordingly, this Court has jurisdiction over the Defendants pursuant to CPLR §§ 301 and 302 and venue is proper in New York County pursuant to CPLR § 503.

## CLASS-WIDE FACTUAL CIRCUMSTANCES

9. Defendants Skroupa and Skytop operate a fraudulent enterprise which profits from two distinct kinds of frauds, conspiracies to commit fraud, and violations of General Business Law §§ 349-50, et al.

10. First, in the "professional services fraud," Defendants Skroupa and Skytop induce successive waves of consultants, employees and vendors to work for prolonged periods and provide substantial services to Skytop without payment of contractual fees, wages, commissions, bonuses, overtime, costs of reimbursable health insurance, and reimbursable business expenses. Some employees are recruited from public websites with job postings making false claims of favorable pay and work conditions.

11. Second, in the "sponsorship fraud," on information and belief, Skytop and its active investors/owners such as Defendant Katz induce members of the public to pay fees as participants, speakers and sponsors on the implied or actual representation that Defendant Katz and his firm are participating, speaking, and sponsoring Skytop conferences for the same or similar fees as other outsiders interested in the subject matter. However, on information and belief, Defendant Katz is an undisclosed, inside investor, part owner, and/or de facto partner and he and his firm pay no fees or reduced fees to speak at and sponsor Skytop conferences because Defendants Katz, Skroupa, and Skytop seek to profit from others' participation at fees in excess of what they would pay given knowledge of the insider status of Defendant Katz and his firm.

12. As another aspect of the "sponsorship fraud," purported speakers and sponsors were posted in advance of conferences on Skytop's public website without their knowledge or permission in order to induce further speakers and sponsors to pay

to participate in the same conferences.  For example, Skytop's website advertised one company as the "Lead Sponsor" for an upcoming conference, advertised them as supplying a keynote speaker, and highlighted the same company as holding the opening night cocktail party at their offices at a given address, when the company had not agreed to any such sponsorship, speaker, or event.  Defendant Skroupa posted companies on his website as sponsors who had never agreed to be sponsors, for the purpose of inducing other companies to sign on as sponsors at fees of approximately $10,000 to $30,000.  Then when others signed up as speakers and sponsors, Defendant Skroupa silently dropped the ostensible earlier sponsor(s) off the website, all of which constitutes false advertising and deceptive practices under General Business Law §§349-50.

13.  With respect to "the professional services fraud," when Plaintiff Barlow began work as a consultant for Skytop in December 2018, Plaintiff Barlow would become at least the 21st consultant, employee, or vendor from whom Defendants Skroupa and Skytop converted up to $150,000 in unpaid professional services. The other named Plaintiffs followed her and, on information and belief, the practice continues to date.

14. Defendants Skroupa and Skytop engage in the pattern and practice of fraudulently inducing consultants and employees to provide services to Skytop with the false promise of payment, paying some of them for some period, and then of inducing them to continue working on the promise of payment without actually paying them, until they are eventually fired or forced to quit.  In some cases, Defendant Skroupa would provide completed, post-dated checks to Plaintiffs, on the promise that they would not cash them until he approved, in order to induce them to stay to the date on the check.

Then he bounced or stopped payment on the checks.

15. Non-exempt Plaintiffs, such as Plaintiffs Murphy and Pushkina, also were intentionally required to work overtime without the legally required payment for overtime in violation of the Fair Labor Standards Act and New York Labor Law.

16. Vendors, such as Roe 1, were fraudulently induced to provide valuable goods and services to Skytop on the promise of payment from Defendants Skroupa and Skytop, and were never paid, in whole or in part.

17. Employee Plaintiffs were additionally promised health insurance, the fulfillment of such legal obligations as contributions to unemployment insurance, and the provision of W2s themselves, which were not always provided. On one occasion, Defendants Skroupa and Skytop brought a health insurance provider into the Park Avenue office to make a presentation of health benefits to employees, and employees were provided with health insurance cards, but Defendants Skroupa and Skytop did not pay the insurance premiums and, after going to doctors, the employees discovered they did not actually have health insurance. Thereafter, Defendants contractually agreed to reimburse health insurance premiums obtained by individual employees up to $800 per month, and then failed to make those reimbursements.

18. Employee Plaintiffs who filed for unemployment insurance discovered that their unemployment insurance had not been paid to the State, as represented on some handwritten W2s, and they had no unemployment insurance to collect.

19. Some Plaintiffs, such as Plaintiff Barlow, left months-long service to Skytop being owed more from Skytop than they had been paid by Skytop, given supposedly temporary loans Defendant Skroupa induced individuals to make to Defendants

Skroupa and Skytop on their personal credit cards up to $40,000 to cover conference expenses.

20.  Defendant Skroupa initially remains cordial with consultants and employees whom he desires to keep working for him unpaid and/or to keep them from the realization that they will not be paid the amounts owed them.

21.  For example, at the end of the Plaintiff Barlow's engagement, on March 2, 2019, Defendant Skroupa stated that he remained extremely pleased with her work, stated he "might re-engage" her and "reach out" for further work after April, and stated that he planned to "keep [their] connection".  He emailed: "*You are amazing and I appreciate your dedication and desire to help. * * * I* do wish to keep our connection and reach out to you for professional consultation when needed."

22.  Typically, when confronted with requests for payment, Defendant Skroupa engages in lies, threats, and intimidation.  To intimidate Plaintiffs into remaining silent about his fraudulent enterprise, Defendant Skroupa repeatedly telephoned and texted Plaintiffs threats if they suggested efforts at collection of monies owed them:  *e.g.,* "I will make your [professional] life a f-cking living hell", "who the f-ck do you think you are?", "back the f-ck off," "I'll handle you in a way that will embarrass the sh-t out of you…you[] … self-centered b-tch".  Other Plaintiffs he threatened with false complaints to the police and false claims of theft, sexual harassment, and other false claims.  Also typically, Defendant Skroupa taunted Plaintiffs that they would never be able to sue him for their relatively small amounts claimed because lawyers' fees would consume their claims.

23.  Defendants Skroupa and Wilson commingle their personal monies with

Defendant Skytop's monies and they cannot be treated as separate entities. Defendant Skroupa currently pays Defendant Wilson as an employee of Skytop. Defendants Skroupa and Skytop hold at least nine different accounts at one bank, in addition to personal and business accounts at other banks, and Defendant Skroupa may make multiple inter-account transfers between nominal business and personal accounts on any given day. Defendant Wilson is also given direct, personal access to Skytop accounts to pay personal and household expenses for Defendants Skroupa and Wilson. On one occasion he called the Skytop bookkeeper to ensure there would be funds available in the Skytop account to pay his and Defendant Skroupa's cell phone bill. Being informed that there were sufficient funds, he wired out the payment from Skytop's funds. Upon information and belief, Defendant Skroupa used the proceeds of a Small Business Administration loan in the first instance to pay off his personal Amex bill.

24. On information and belief, Defendant Katz became an investor, part owner, and/or de facto partner of Defendants Skroupa, Wilson, and Skytop by 2018. He is not an arms-length lender. On information and belief, Defendant Katz became a part owner in Skytop with an investment that Defendant Skroupa claimed would double his money in five years. On information and belief, Defendant Katz was also offered incentive payments to bring in more investor/owners. On information and belief, when Defendants Skroupa, Wilson, and Skytop need emergency funds, Defendant Katz supplies them. For example, in February 2019, when Defendant Skroupa wanted to attend a Skytop conference at which Defendant Katz was speaking in London with Defendant Wilson as Skroupa's companion, Defendant Katz wired money to Skytop to pay for their flights and hotel room from a Wachtell, Lipton, Rosen & Katz bank account.

25. On information and belief, Defendant Katz also seeks to profit from and to benefit his firm from the "sponsorship fraud," in which his name and the name of his firm are used to bring in other speakers and sponsors on the deceptive premise that Defendant Katz and his firm are, respectively, an outside speaker and sponsor paying the same or similar fees, when he is an insider investor, owner, and/or de facto partner seeking to profit from the others' participation. On information and belief, he and his firm pay no fees or reduced fees, while seeking to profit from the fees of other participants and receiving the marketing benefits of being a speaker and "Lead Sponsor". These deceptive practices violate General Business Law §§349-50.

26. Defendant Katz, on information and belief, was also explicitly made aware of the "professional services fraud," a pattern and practice of fraudulently inducing consultants, employees, and vendors to work for free and to front corporate expenses from personal monies. On information and belief, notice of the "professional services fraud" was provided him in person at meetings in 2018, in emails received from departing employees, and in formal ownership purchase documents in the same or substantially similar form as the "Schedule" attached as Exhibit A. He knowingly or recklessly supports and seeks to profit from Defendant Skroupa's and Skytop's patterns and practices of fraud.

27. Defendant Luff and Advisory Board Members 1-5, on information and belief, have a current or contingent equity interest in Skytop, and received notice of the "professional services fraud" in person at meetings in 2018 and in emails received from departing employees with whom she had worked. While other Advisory Board Members resigned, Defendant Luff and Advisory Board Members 1-5 continue to serve Skytop,

and, as such, knowingly or recklessly support and seek to profit from Defendant Skroupa's and Skytop's patterns and practices of fraud.

28. While Plaintiffs suffer from Defendants' fraud and deceptive practices, Defendant Skroupa touts a 50% net profit to Skytop from total conference revenue.

## FIRST CAUSE OF ACTION
### (Fraud against All Defendants)

29. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 28 as though fully set forth herein.

30. Upon information and belief, Defendants made several misrepresentations that were materially false and made omissions that were materially fraudulent, including that:

(a) Defendants profited from business conferences alone, and/or did not profit from fraudulently inducing consultants, employees, and vendors to provide services without being paid for said professional services.

(b) Defendants intended to and would in fact pay consultants, employees, and vendors for services rendered.

(c) Defendants were employers and contractors engaged in good faith business dealings.

(d) Defendants were employers and contractors who would pay the wages, fees, commissions, bonuses, unemployment insurance, health insurance, and business expenses they had represented they would pay and/or contracted to pay.

(e) Defendants behaved legally and in good faith by seeking to and in fact

placing charges for corporate expenses on the credit cards or personal accounts of consultants, employees, and vendors.

(f) Defendants behaved legally and in good faith by suggesting to consultants, employees, and vendors that paying Skytop business expenses on their credit cards or personal accounts was a fair condition of their employment or engagement.

(g) Defendants behaved legally and in good faith by publicly representing Defendant Katz and his firm as outside consumers paying equal or similar amounts to be a speaker and sponsor, respectively, of Skytop conferences when they were inside investors, owners, and/or de facto partners.

(h) Defendants behaved legally and in good faith by publicly representing companies as sponsors of upcoming Skytop conferences when those companies had not so agreed to be sponsors, in order to induce additional companies to pay fees to participate as sponsors.

31.  Upon information and belief, Defendants knew or were reckless in failing to know, each of these representations to be false or these omissions to be fraudulent.

32.  As a result, Plaintiff consultants and employees were fraudulently induced to work for prolonged periods, and provide services to Defendants, which were unpaid.

33.  As a result, Plaintiff consultants and employees were fraudulently induced to front Defendants expenses which became unpaid, interest-free loans to Defendants.

34.  As a result, Plaintiff consultants and employees were denied health insurance reimbursements and other benefits promised to them falsely.

35.  As a result, Plaintiff employees left employment with Defendants being owed

their livelihood, and then were not able to collect unemployment insurance because Defendants Skroupa and Skytop had not made the obligatory payments to the unemployment insurance fund.

36.  Plaintiffs reasonably relied on the false representations and/or material omissions of Defendants to forego other employment, to be induced to work without payment, to be induced into fronting corporate expenses for Skytop, to be induced into greater and greater personal financial losses as a result of their association with Defendants, and to pay to amounts in excess of what they would otherwise pay to participate in conferences with insider Defendants.

37.  Plaintiffs and class members seek damages of lost fees, wages, bonuses, commissions, unemployment insurance, and excess conference payments in excess of $500,000, as well as interest, punitive damages, attorneys' fees, costs, and disbursements.

## SECOND CAUSE OF ACTION
### (Violation of General Business Law §350 for False Advertising against All Defendants)

38.  Plaintiffs repeat and reallege the allegations of paragraphs 1 through 37 as though fully set forth herein.

39.  General Business Law §350 prohibits "false advertising in the conduct of any business."

40. At all relevant times, Defendant Skytop, and all individual Defendants as its owners and agents, have been engaged in business in New York within the meaning of General Business Law §350.

Case 1:21-cv-02094-LGS   Document 1-1   Filed 03/10/21   Page 78 of 91

41. Defendant has engaged in false advertising in violation of General Business Law §350 by:

    a.  making false representations about the financial condition, pay, and working conditions for employees of Skytop on public job posting websites;

    b.  making false representations about the sponsors for upcoming sponsors on the Skytop website and in marketing material;

    c.  making false representations, directly or by implication, about Defendant Katz and his firm, respectively, being an outside speaker and sponsor paying amounts equal to other speakers and sponsors on the Skytop website and in marketing material.

42. By engaging in the acts and practices described above, all of which were material, Defendants have engaged in and continue to engage in false advertising in violation of the General Business Law §350.

43. False advertising damaged dozens of employees who responded to job postings on public websites and were deprived of other, more favorable positions and then were unpaid by Skytop.

44. False advertising damaged thousands of conference participants, speakers, and sponsors who paid unjustifiable sums to participate in Skytop conferences, when, on information and belief, Defendant Katz and his firm were insiders who were not in fact paying to participate at all or at the same levels.

45. Under the General Business Law, Plaintiffs and class members have been damaged for lost fees, wages, commissions, bonuses, etc., in addition to excess

payments to Skytop for conferences, in excess of $500,000, which are also subject to treble damages and attorneys' fees.

THIRD CAUSE OF ACTION
(Violation of General Business Law §349 for
Deceptive Practices against All Defendants)

46. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 45 as though fully set forth herein.

47. General Business Law §349 provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York] are... unlawful."

48. At all relevant times, Defendants have been engaged in business in New York within the meaning of General Business Law §349.

49. Defendants have engaged in deceptive acts and practices in the marketing of its conferences including but not limited to:

    a. making false representations, directly or by implication, about the sponsors for upcoming sponsors on the Skytop website and marketing material;

    b. making false representations, directly or by implication, about Defendant Katz and his firm, respectively, being an outside speaker and sponsor paying amounts equal or similar to other speakers and sponsors on the Skytop website and in marketing material.

50. By engaging in the acts and practices described above, all of which were material, Defendants have engaged in and continue to engage in deceptive business practices in violation of the General Business Law §349.

51. Deceptive business practices damaged thousands of conference participants, speakers, and sponsors who paid excessive sums to participate in Skytop conferences on the belief that they were participating with Defendant Katz and his firm as another prominent speaker and sponsor, when, on information and belief, Defendant Katz and his firm were insiders who were not in fact paying to participate at all or at the same levels and were profiting from the participation of others.

52. Under the General Business Law, Plaintiffs and class members have been damaged for excess payments to Skytop for conferences in an amount to be determined at trial, subject to treble damages and attorneys' fees.

FOURTH CAUSE OF ACTION
(Violations of the federal Fair Labor Standards Act ("FLSA"), New York
Labor Law ("NYLL"), and New York State Minimum Wage Orders against
Defendants Skroupa, Skytop, and Katz)

53. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 52 as though fully set forth herein.

54. Plaintiffs Murphy and Pushkina were non-exempt employees hired to work 40 hour weeks.

55. Defendants Skroupa and Skytop intentionally ordered Plaintiffs to work overtime beyond 40 hours and on occasion beyond 44 hours per work week.

56. Defendants failed to pay Plaintiffs their full salaries and intentionally failed to pay them the required overtime compensation.

57. Defendants violated the FLSA, the NYLL, and New York State Minimum Wage Orders in not paying Plaintiffs one-and-one-half times their regular rate of pay

when they worked over 40 hours in one or more individual work weeks.

58. Defendants violations were willful and lacked any good faith basis.

59. As a result of the above violations, Defendants are indebted to the non-exempt Plaintiffs in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees and costs in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Conspiracy to Commit Fraud against All Defendants)

60. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 59 as though fully set forth herein.

61. On information and belief, by 2018 Defendants Katz and Luff were made aware in person at meetings and in writings from departing employees of Defendants Skroupa and Skytop's "professional services fraud" scheme, whereby Skytop profited by inducing successive waves of consultants, employees, and vendors to provide unpaid services to Skytop. Defendant Katz was further given notice by a formal Schedule. (Ex. A.). And, far from putting an end to such scheme before Plaintiff Barlow and the other Plaintiffs would be caught up in it, on information and belief, Defendants Katz and Luff sought to invest in Skytop, knowingly or recklessly participate in said fraudulent scheme, and profit therefrom.

62. On information and belief, Defendant Katz was also a willing participant in the "sponsorship fraud", and makes his firm's name and funds available for said fraud.

63. On information and belief, Defendant Luff and Does 1-5, as Advisory Board

members for Skytop with current or contingent ownership interests in Skytop, were aware of Defendants Skroupa and Skytop's fraudulent scheme of profiting by inducing successive waves of consultants, employees, and vendors to provide unpaid services to Skytop and, far from putting an end to such scheme before Plaintiff Barlow and the other Plaintiffs would be caught up in it, supported it and sought to profit therefrom.

64.  Plaintiffs and class members have been damaged by unpaid fees, wages, bonuses, commissions, unemployment insurance, health insurance reimbursables, ad business reimbursables in excess of $500,000, as well as interest, punitive damages, attorneys' fees, costs, and disbursements.

## SIXTH CAUSE OF ACTION
(Unjust Enrichment and Restitution against all Defendants)

65.  Plaintiffs repeat and reallege the allegations of paragraphs 1 through 64 as though fully set forth herein.

66.  Plaintiff and class member consultants, employees, and vendors provided valuable professional services to Defendants for which Defendants did not pay.

67.  Defendants acknowledged the value of Plaintiffs' work by agreeing to pay them, and/or continuing to pay them the agreed rates for some period, and/or then admitting that they were owed unpaid amounts, and/or assuring them of payment.

68.  Defendants were free to forego Plaintiffs' services if they no longer valued them, but they did in fact value them and continued said services by fraudulently inducing Plaintiffs to continue providing professional services on the promise that they would be paid.

Case 1:21-cv-02094-LGS   Document 1-1   Filed 03/10/21   Page 83 of 91

69. Defendants obtained the value of said services and were unjustly enriched by the value of said services.

70. Upon information and belief, Defendants' unjust enrichment by conversion of Plaintiffs' services was part of a pattern and practice to induce numerous consultants, employees, and vendors to work unpaid and fail to make claims for payment for as long as possible.

71. Plaintiff Roe and class members also seek restitution for the value of conference fees paid above that they would have paid had Defendant Katz and his firm, respectively, not represented themselves as disinterested outside speaker and sponsor paying equal rates as other speakers and sponsors.

72. Plaintiff seeks restitution for such unjust enrichment, plus 9% statutory interest, attorneys' fees, costs, and disbursements.


### SEVENTH CAUSE OF ACTION
(Conversion against All Defendants)

73. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 72 as though fully set forth herein.

74. Defendants Skroupa and Skytop hired successive waves of consultants, employees, and vendors by making false promises of paying them wages, fees, commissions, bonuses, and health benefits, and reimbursing their expenses for the duration of their work and in full payment of their services, when Defendants had no intention of paying them in full or at all.

75. Defendants Skroupa and Skytop intended to deprive successive waves of

consultants, employees, and vendors of their livelihood by assuring them of payment, but intentionally paying them as little as possible and inducing them to work unpaid for as long as possible.

76.  Defendants Skroupa, Wilson, and Skytop intentionally converted the livelihoods of consultants, employees, and vendors to Defendants' benefit and profit, while Defendants Katz and Luff knowingly or recklessly disregarded and/or participated in said conversion.

77.  Plaintiff Barlow was at least the 21st consultant, employee, or vendor that Defendants Skroupa and Skytop falsely promised payment for services rendered, paid for a short period of time, and then did not pay for a significantly longer period of time. Given that Defendants had not paid the prior 20 fully or at all, they certainly had no intention of paying the 21st, much less the other named Plaintiffs.

78.  Defendants are liable to named Plaintiffs and class members for conversion of fees in excess of $500,000, in addition to interest, attorneys' fees, punitive damages, costs, and disbursements.

## EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress against
Defendants Skroupa and Skytop)

79.  Plaintiffs repeat and reallege the allegations of paragraphs 1 through 78 as though fully set forth herein.

80.  Defendant Skroupa's conduct of insults, threats, lies, harassment, and intimidation toward Plaintiffs and class members was extreme and outrageous.

Defendant Skroupa converted the livelihoods of numerous individuals, and then sought to silence them with intentional and despicable conduct and speech over weeks, months, and years. He gave people checks that he stopped payment on when they deposited; he claimed to have wired money to accounts and sent people to repeatedly check their accounts, having sent nothing; he threatened to send the police to employees seeking their wages with false claims of criminality; he threatened them with civil accusations of sexual harassment; he denigrated people's work only after they sought to collect their wages and fees for such work; he insulted and threatened with professional ruin anyone trying to collect their own money from him.

81. Each of these episodes, individually and cumulatively, directly and immediately caused named Plaintiffs and class members damages in the form of emotional distress, anxiety, daily stress, and sleeplessness.

82. Punitive damages are necessary to deter Defendant Skroupa from engaging in this outrageous behavior toward consultants, employees, and vendors in the future.

## NINTH CAUSE OF ACTION
(Breach of Contract against Defendants Skroupa and Skytop)

83. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 82 as though fully set forth herein.

84. Defendants contracted for Plaintiffs' services at agreed rates and salaries.

85. Defendants continued Plaintiffs' services long past the point at which they paid for them.

86. Numerous class members were similarly deprived of their wages, fees, commissions, bonuses, and reimbursables.

87.  Despite agreements to pay, continuing assurances of payment, and inducements to stay on and provide further services, Defendants failed to pay for Plaintiffs and class members' services.

88.  Defendants breached their contractual agreements to Plaintiffs. Plaintiffs have been harmed as a result and seek damages in excess of $500,000, plus 9% statutory interest, attorneys' fees, costs, and disbursements.

TENTH CAUSE OF ACTION
(Promissory Estoppel against Defendants Skroupa and Skytop)

89.  Plaintiffs repeat and reallege the allegations of paragraphs 1 through 88 as though fully set forth herein.

90.  Defendants made a clear and unambiguous promises to pay fees, wages, commissions, bonuses, health insurance reimbursables, and business reimbursables to Plaintiffs and class members.

91.  Defendants made partial payments at said rates, admitted they owed unpaid amounts, and made assurances they would pay amounts owed.

92.  Plaintiffs and class members reasonably relied on said promises and demonstrated such reliance by working diligently and foregoing other work and prospects of work, and even working beyond the contracted number of hours each week and working overtime on weekends.

93.  Plaintiffs and class members suffered unpaid fees and wages in excess of $500,000, in addition to 9% statutory interest owed on said monies, attorneys' fees, costs, and disbursements required to collect for services for which Defendants promised to pay.  In addition, punitive damages should be awarded to deter Defendant Skroupa

from continuing his pattern of deceit.

WHEREFORE, Plaintiffs and class members demand judgment against Defendants Christopher Skroupa, Inspire Summits LLC d/b/a Skytop Strategies, David Katz, John Stephen Wilson, and Paula Luff for lost fees, wages, commissions, bonuses, benefits, and overtime pay in excess of $500,000, in addition to damages for false advertising and deceptive practices and the return of excess payments for conferences in amounts to be determined at trial, plus treble damages, punitive damages, interest, attorneys' fees, costs, disbursements, and such other relief as the Court deems just and necessary.

Dated: New York, New York
       March 1, 2021

Law Office of Carla Kerr Stearns

By: _____

Carla Kerr Stearns
29 E. 93rd Street
New York, NY 10128
(347) 216-0922

Attorneys for Plaintiff


Defendants, by their attorney:

Adam Engel
The Engel Law Group, PLLC
280 Madison Avenue – Suite 705
New York, NY 10016
(212) 665-8095
aee@elgpllc.com

*Ex. A*

### Schedule 2.13
### Changes

(f)   Resignations and/or termination of employment:

    1.   Brad Moody resigned from his position with the Company.

    2.   Kevin O'Brien terminated his consulting relationship with the Company.

    3.   Maura Murphy resigned from her position with the Company, but has indicated a willingness to resume her services if the Company is able to catch up on the payroll arrearages.

### Schedule 2.14
### Material Liabilities

1.   The Company has the following liabilities in excess of $50,000.00, individually, or $200,000.00 in the aggregate:

    a.   See schedule 2.15 (6)
    b.   See schedule 2.9.

### Schedule 2.15
### Employee Matters

(a)   The following sets forth a detailed description of all compensation, including salary, bonus, severance obligations and deferred compensation paid or payable for each officer, employee, consultant and independent contractor of the Company who received compensation in excess of $100,000 for the fiscal year ended December 31, 2017 or is anticipated to receive compensation in excess of such amount for the fiscal year ending December 31, 2018.

    1.   Phil LoFaso – salary of $110,000.00 in equal installments.

(c)   Maura Murphy resigned from her position with the Company, but has indicated a willingness to resume her services if the Company is able to catch up on the payroll arrearages.

(f)   1.      The Company is delinquent in payments to the following employees, consultants and independent contractors:

Isabella Tartaglione - $9,659.61
Jarrett Reich - $8,053.96
Jesse Matuza - $8,400.00
Marina Pushkina - $10,902.43
Sergey Selivanov - $8,822.50
Phil LoFaso - $8,598.95
Jen Dobies - $3,705.28
Jake Hendrickson - $4,260.00
Maura Murphy - $13,807.20
Brad Moody - $8,850.10
Ariel Evans – $13,713.50
Carolyn Dittmeier - $4,058.50
Kevin O'Brien – $35,000.00
Avraham Moskowitz - $3658.15
Sean Howard - $8,466.00
Makeeda Perkins $11,707.00

Case 1:21-cv-02094-LGS   Document 1-1   Filed 03/10/21   Page 89 of 91

The Company has also entered into settlement agreements with the DOL for the payment to the DOL (i) of $20,582.15, payable in monthly installments of $3,430.66 relating to late payroll payments to Haley Torwich and Kaleb Smith; and (ii) of $19,552.00, payable in monthly installments of $2,444.00, relating to disputed overtime payments to Chris Pulliam and Luke Olson.

(f) 2. The following federal, state, county, local and/or foreign taxes have not been timely paid / withheld.

    a.   NY State taxes - $34,756.00. The Company has paid $7,000.00 which commenced discussions with the NY Department of Labor ("**DOL**"). The DOL has agreed to provide the Company with a payment plan of $2,000.00 per month in the next few days.

(b)   U.S. Internal Revenue Services - $192,047.23. The Company has have reached to the IRS and was instructed to continue discussions after January 6, 2019 for a 5-6 year payment plan.

Case 1:21-cv-02094-LGS   Document 1-1   Filed 03/10/21   Page 90 of 91

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

———————————————————X

HEATHER BARLOW, VALUE EXTRACTION
SERVICES LLC, PHILLIP LOFASO, JAKE
HENDRICKSON, MAKEEDA PERKINS,
MAURA MURPHY, MARINA PUSHKINA, JEN
DOBIES, ROES 1-2, and all others similarly
situated and/or interested parties,

                    Plaintiffs,

        v.

CHRISTOPHER SKROUPA,
INSPIRE SUMMITS LLC d/b/a
SKYTOP STRATEGIES, DAVID KATZ,
JOHN STEPHEN WILSON, PAULA LUFF,
and ADVISORY BOARD MEMBERS DOES 1-5.

                    Defendants.

———————————————————X

Index Number 651739/2020

**SUMMONS TO DEFENDANT
JOHN STEPHEN WILSON**

TO THE ABOVE-NAMED DEFENDANTS:

      PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED and required to answer the Verified Complaint of Plaintiffs herein and to serve a copy of your answer on the Plaintiffs' attorney at the address below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

      YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the Verified Complaint.

      The basis of venue designated is New York County, New York, as it is the county of residence of Plaintiffs, the county in which the events and omissions giving rise to the claim occurred, and the place of business of Defendants.

Dated: New York, New York       Law Office of Carla Kerr Stearns
       March 1, 2021

By: _____

Carla Kerr Stearns
29 E. 93rd Street
New York, New York 10128
347-216-0922
kerrstearns@me.com

*Attorney for Plaintiffs*

To Defendant:

      John Stephen Wilson
      2249 36th St., #2
      Astoria, New York  11105