THE ENGEL LAW GROUP, PLLC
280 Madison Avenue – Suite 705
New York, NY 10016
Telephone: (212) 665-8095 Email: aee@elgpllc.com Facsimile: (888) 364-3564

March 11, 2021

**BY ECF**

Judge Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Pre-Motion Letter re: Plaintiffs' Harassment, Threats and Intimidation of Parties and Third-Party Witnesses - *Barlow, et al. v. Skroupa, et al.* (21-cv-2094)

Dear Judge Schofield,

I represent the Defendants in the above-referenced matter. While this matter has only been before Your Honor for one day, via the Defendants' March 10 Notice of Removal, I regrettably must already request the Court's attention regarding Plaintiffs' continued harassment, threats, and intimidation of the Defendants and their business associates, and ask that the Court put a halt to this conduct immediately[1] at the requested pre-motion conference or, in the alternative, and if necessary, permit the Defendants to file a motion for sanctions.

My clients Inspire Summits d/b/a Skytop Strategies ("Skytop") and its principal Chris Skroupa are engaged in planning and presenting conferences that bring together executive-level corporate leaders, institutional investors, stakeholders, reputable industry experts, authoritative NGO/government agencies, and legal practitioners around corporate strategy. Defendant David Katz is a highly regarded mergers and acquisitions attorney who has participated in and sponsored several Skytop conferences, and Defendant Paula Luff is a former Skytop Advisory Board member, while Defendant John Wilson is Chris Skroupa's husband.

Earlier today, Defendant David Katz informed me that Plaintiffs' counsel had just sent an email to two of Mr. Katz's law partners at Wachtell Lipton, which I have attached here (Exh. A). The impropriety of asking deep-pocketed third parties to fund the settlement of a dispute that does not involve them, in the shadow of thinly veiled threats of negative publicity, should be apparent on its face – including to Plaintiffs' counsel. Nevertheless, the Defendants' must request that Plaintiffs and their counsel be barred from any further contacts of this nature, and that Plaintiffs

[1] While there is insufficient space to discuss it in full here, the Plaintiffs abused their subpoena power in the State Court action that was removed here, as fully explained in two motions by order to show cause that sought to quash subpoenas that Plaintiffs invalidly issued to various banks, which subpoenas led to the improper production of highly sensitive bank records that, by Plaintiffs' own admission, had nothing to do with any party's claims or defenses and that were of no use, other than to intimidate the Defendants. Upon being challenged, in both instances the Plaintiffs agreed to withdraw or abandon their subpoenas, as they had already served their purpose just by being issued.

be required to obtain Court approval for any future communications with third parties. To be clear, the Defendants are not asking the Court to limit the Plaintiffs' pursuit of reasonable and proportional discovery, but are seeking only to prevent the Plaintiffs and their counsel from abusing the litigation process to leverage a settlement that they cannot and will not get through proper channels.

Plaintiffs' counsel's suggestion that perhaps "someone [at Wachtell Lipton] should lend Mr. Skroupa the funds to settle these plaintiffs out before defense counsel spins this case further out of control" (Exh. A, p.1) was not offered in good faith, and there is no doubt that Plaintiffs' counsel knows there is no chance that Wachtell Lipton would do so under any normal circumstances.

Rather, the remainder of the email makes counsel's intent and purpose abundantly clear, namely to intimidate and harass, and threaten to embarrass, Defendant David Katz[2] and/or his partners at Wachtell Lipton so that they demand that Defendant Skytop accede to Plaintiffs' settlement demands to make this case go away. Plaintiffs' counsel makes little to no effort to camouflage this purpose, ominously suggesting that "the [Plaintiffs'] allegations will no doubt be fully aired before a federal judge," and that Plaintiffs' counsel "cannot imagine this is where Wachtel [*sic*] wants to be."

The July 20, 2020 email appended to the email of earlier today evinces the same purpose (Exh. A, p.2). There, Plaintiffs' counsel similarly suggested that David Katz's partner should "put in a word to get this matter settled," which of course means that Mr. Neff should pressure Mr. Katz, who would then pressure Skytop, and similarly suggested that a failure to do so would be used to tarnish Wachtell Lipton's reputation, musing that "[i]t's not clear to me why your partner David Katz would be involved with such a person."

Again, on their face, these emails are clearly designed to threaten and intimidate the Defendants and third parties, including by suggesting that Plaintiffs will subject them to continued personal and professional embarrassment if they do not cave to Plaintiffs' settlement demands. These emails very likely run afoul of the Rules of Professional Conduct ("RPC") and are otherwise sanctionable litigation tactics that the Court should halt at the outset to prevent further abuses and the unnecessary multiplication of this litigation.

Under RPC 4.4, "a lawyer shall not use means that have no substantial purpose other than to embarrass or harm a third person." While the emails at issue certainly reference this litigation, they did not have any bearing on the progress of it, and instead serve no purpose other than to harass and intimidate Wachtell Lipton through threats of embarrassment and reputational harm.

Under RPC 4.2, "a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer

---

[2] In addition to a dispositive motion on behalf of the original defendants in this case, Skytop and Skroupa, the undersigned intends to request a pre-motion conference for a motion to dismiss David Katz and Paula Luff, whose addition to this case was nothing more than the first step in Plaintiffs' campaign to intimidate and harass Skytop and Skroupa, and who have absolutely no business being in this case.

in the matter."  Plaintiffs' counsel knows that I represent Mr. Katz in this litigation.  Nevertheless, Plaintiffs' counsel used her emails either (a) to "cause" Defendant Katz's partner to communicate with David Katz about this litigation or (b) to communicate with David Katz himself, writing the emails with him as the intended audience, knowing that his law partners would undoubtedly share them with him.  In fact, in her July 20, 2020 email (Exh. A, p.2), Plaintiffs' counsel explicitly asks David Katz's partner to "put in a word to get this matter settled."  Allowing an attorney to circumvent the Rule by simply "laundering" communications with a represented party through an intermediary would undermine its core purpose, as per the comments to the Rule, to "protect[] a person who has chosen to be represented by a lawyer in a matter against possible overreaching by other lawyers who are participating in the matter."

In addition to running afoul of the RPC, these tactics are also the type of behavior that may be sanctionable under 28 U.S.C. § 1927 and/or the Court's inherent powers.  *See, e.g., Azkour v. Maucort & Little Rest Twelve, Inc.,* No. 11-CV-5780 (RJS), 2018 WL 502674, at *7 (S.D.N.Y. Jan. 18, 2018) ("The Supreme Court has held that the sanctioning power includes the authority to levy sanctions in response to abusive litigation practices.") (citation omitted); *Hall v. Cole*, 412 U.S. 1, 15 (1973) ("It is clear, however, that 'bad faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation."); *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir. 1986) ("we hold today that an award made under § 1927 must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent power.  Indeed, the only meaningful difference between [the two is] that awards under § 1927 are made only against attorneys . . . while an award made under the court's inherent power may be made against an attorney, a party, or both.") (internal quotes and citations omitted); *Celli v. New York City Dep't of Educ.*, No. 15-CV-3679 (BMC)(LB), 2016 WL 10567948, at *3 (E.D.N.Y. Dec. 24, 2016) (ordering a *pro se* plaintiff to respond to the defendant's motion for sanctions based on the plaintiff's harassing emails to opposing parties and other third parties); *An-Port, Inc. v. MBR Indus., Inc.*, 142 F.R.D. 47, 49 (D.P.R. 1992) ("the test for whether conduct is 'vexatious' under Section 1927 is whether it is objectively 'harassing or annoying' so that it reflects a 'serious and studied disregard for the orderly process of justice.'") (citations omitted); *Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 124 (2d Cir. 2013) (sanctionable conduct includes acts taken "in bad faith, vexatiously, wantonly, or for oppressive reasons") (citation/quotes omitted); *Combier v. Portelos*, No. 17-CV-2239 (MKB), 2018 WL 10509392, at *1 (E.D.N.Y. May 22, 2018) (potential for sanctions for party's "harassing tone").

Notwithstanding the potential for sanctions discussed above, the Defendants' primary interest is in getting the Plaintiffs and their counsel to cease their harassing and intimidating tactics.  The proper forum for resolving the parties' dispute is this Court, and the proper method of doing so is laid out in the Federal Rules of Civil Procedure.  The Plaintiffs should not be permitted to continue trying to force a settlement through extrajudicial threatening communications with third parties.  In this District, both Judges Engelmeyer and Cote have recently exercised their authority to order parties and/or their counsel to cease contact with third parties after finding that their conduct was intended to harass and embarrass and thereby harm their opponents' business interests, rather than move the litigation forward.  *See, Barter House, Inc. v. Infinity Spirits, LLC*, No. 17 CIV. 9276 (PAE), 2019 WL 3554584, at *12 (S.D.N.Y. Aug. 5, 2019) (explicitly addressing contact with opposing party's business counterparties and forbidding further contact,

explaining that "at the conference, the Court directed defendants to cease calling third parties and making representations about plaintiffs' liquor license. The Court expressed concern that defendants appeared to be using such calls to harm plaintiffs' business.") (internal citation omitted); *Knopf v. Esposito*, No. 17-CV-5833, 2021 WL 736886, at *1 (S.D.N.Y. Feb. 25, 2021) (Judge Cote entered into the record a letter from a third party complaining of harassment by the plaintiff's attorney, which later resulted in the court order attached hereto as Exh. B).

The Defendants request that the Court take a similar approach here – and hope that this can be resolved at the pre-motion conference – and otherwise the Defendants request that the Court grant them leave to file a motion seeking such relief and appropriate sanctions.

Respectfully Submitted,

Adam E. Engel
Counsel for Defendants

Encl. Exhs. A-B

Cc: All Counsel of Record by ECF

EXHIBIT A

**From:** Carla Stearns <kerrstearns@me.com>
**Date:** March 11, 2021 at 12:02:22 PM EST
**To:** "Neff, Daniel A." <DANeff@wlrk.com>, "Herlihy, Edward D." <EDHerlihy@wlrk.com>
**Subject: lawsuit against Skroupa, Skytop Strategies, and David Katz**

*** EXTERNAL EMAIL ***

Attachment available until Apr 10, 2021
Dear Messrs. Neff and Herlihy,

I am plaintiffs' counsel in Barlow, et al. v. Skroupa, et al, in which David Katz is a co-defendant.

When I emailed you in July 2020 seeking help in settling this matter, the case against Mr. Skroupa and Mr. Katz had a settlement value of $25,000.

In October, with a second plaintiff involved, Mr. Skroupa reneged on a settlement on behalf of all defendants of $110,000 by failing to make the up front payment of $10,000.

Currently, the second amended complaint is titled as a class action with six named plaintiffs seeking upwards of $500,000.  They are former consultants and employees owed their own fees and salaries from their work at Mr. Skroupa's company.  The complaint alleges, among other things, that 1) David Katz was an investor and/or de facto partner of Mr. Skroupa, that 2) Mr. Katz invested with Mr. Skroupa using his own funds and, at least on occasion, funds of Wachtel Lipton Rosen & Katz, and that 3) Mr. Katz, on his own behalf and on behalf of the firm, engaged in deceptive business practices.

Defense counsel engaged in scorched earth litigation in New York Supreme Court.  Now defense counsel has removed the case to the Southern District of New York, where the allegations will no doubt be fully aired before a federal judge.

I cannot imagine that this is where Wachtel wants to be.  This matter should have been de-escalated long ago.

Please consider whether someone should lend Mr. Skroupa the funds to settle these plaintiffs out before defense counsel spins this case further out of control.

Click to Download

2nd Am Cmpt.pdf
29 MB

Very truly yours,

Carla Kerr Stearns

**Law Office of Carla Kerr Stearns**
**29 East 93rd Street**
**New York, New York 10128**
**(c) 347-216-0922**
**(f) 212-579-1959**

Begin forwarded message:

**From:** Carla Stearns <kerrstearns@me.com>
**Subject: lawsuit against Skytop and David Katz**
**Date:** July 20, 2020 at 11:09:04 AM EDT
**To:** DANeff@wlrk.com

Mr. Neff,

I would very much appreciate it if you put in a word to get this matter settled. Skytop has many creditors who can ill afford to sue it and its principal, Christopher Skroupa.

It's not clear to me why your partner David Katz would be involved with such a person. However, that is not my concern; getting my clients paid is.

Click to Download

Amended Verified Complaint- signed:scan for efiling..pdf
34.7 MB

**Law Office of Carla Kerr Stearns**
**29 East 93rd Street**
**New York, New York 10128**
**(c) 347-216-0922**
**(f) 212-579-1959**

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORMA KNOPF and MICHAEL KNOPF,

Plaintiffs,

-v-

FRANK M. ESPOSITO, DORSEY & WHITNEY, LLP, NATHANIEL H. AKERMAN, EDWARD S. FELDMAN, and MICHAEL HAYDEN SANFORD,

Defendants.

17cv5833(DLC)

ORDER

DENISE COTE, District Judge:

For the reasons set forth in a telephone conference of February 25, 2021 and on the consent of non-party witness Michael Sanford and the plaintiffs' counsel Eric Berry, it is hereby

ORDERED that Sanford and Berry shall not call each other concerning this litigation until its completion in this court.

Dated: New York, New York
February 25, 2021

Denise Cote
DENISE COTE
United States District Judge