# THE ENGEL LAW GROUP, PLLC

280 Madison Avenue – Suite 705
New York, NY 10016

Telephone: (212) 665-8095     Email: aee@elgpllc.com     Facsimile: (888) 364-3564

March 17, 2021

**BY ECF**

Judge Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:     Letter in Support of Removal
                *Barlow, et al. v. Skroupa, et al.* (21-cv-2094)

Dear Judge Schofield,

I represent the Defendants in the above-referenced matter, and write today in support of my Clients' removal of this action to Federal Court, as ordered by the Court on March 12 (Dkt. #7).

The question presented by the Court is whether removal was proper here "where the claim arising under federal law only pertains to two of the ten Plaintiffs" (hereinafter, the "FLSA Plaintiffs," and the other three[1] Plaintiffs the "State Claim Plaintiffs"). As explained below, those two "anchor claims" are indisputably removable, and not subject to remand, under 28 U.S.C. § 1441(a), and all of the other causes of action are removable under 28 U.S.C. § 1367(a) (providing statutory basis for supplemental jurisdiction over claims that are a part of the same "case or controversy," including "claims that involve the joinder or intervention of additional parties.") and 28 U.S.C. §§1441(c) (discussing potential severance and remand of claims *not* covered by the Court's supplemental jurisdiction).

First, as the Court's Order seems to suggest, there is no question that the two FLSA Plaintiffs' FLSA claims are removable. *See, Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003) (holding that "[t]here is no question that Breuer could have begun his action in the District Court," and that the Federal Courts have original jurisdiction over such actions under both 28 U.S.C. § 1331 and § 1337 ("arising under" jurisdiction), as well as 29 U.S.C. § 216(b) (the relevant FLSA section), and therefore holding that such claims are removable.). The same is true here. Moreover, because they are removable due to the Court's original jurisdiction over FLSA claims, the Court must exercise that jurisdiction over those two claims and may not remand them. *See, Nelson v. City of Rochester, NY*, 492 F. Supp. 2d 282, 288 (W.D.N.Y. 2007) (in case involving state and federal claims, concluding that the District Court "has no discretion to remand plaintiffs' claims under federal law" because it would be "an abuse of discretion for a

---

[1] While the Second Amended Complaint may technically have ten plaintiffs, five of those are "Doe Defendants" who have no bearing on this analysis.

district court to remand a federal claim that is properly before it" and "a district court has no discretion to remand a claim that states a federal question.") (citations omitted); *see also, Tassy v. Brunswick Hosp. Ctr., Inc.*, 296 F.3d 65, 68 (2d Cir. 2002) (noting the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Given that defendants do not have the option to remove only part of a State court case, but must remove all of it or none at all, Defendants' removal of the *Barlow* action was proper under the removal statute.

Second, the undersigned respectfully submits that the Court's question turns not so much on the propriety of Defendants' removal under 28 U.S.C. § 1441 (established above), but rather on the reach of this Court's supplemental jurisdiction under 28 U.S.C. § 1367. The Defendants submit that this Court does have supplemental jurisdiction over the remainder of the claims in the Second Amended Complaint, and that those claims must remain in this Court.

As per the federal statute codifying the supplemental jurisdiction of the federal courts:

> in any civil action of which the district courts have original jurisdiction, the district courts *shall* have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction *shall* include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (emphases added).

In general, a District Court's supplemental jurisdiction extends to all claims that are part of the same case or controversy as the anchor claims that directly trigger the Court's original jurisdiction and, while already broad, the scope of supplemental jurisdiction has steadily trended toward expansion. For example, in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966), the Supreme Court noted that a prior test for supplemental jurisdiction was "unnecessarily grudging," and expanded it to include all state claims where "the relationship between [a federal claim] and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case,' [because the] state and federal claims [] derive from a common nucleus of operative fact," such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." Later, in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988), the Supreme Court explained that the *Gibbs* court "intended this standard not only to clarify, but also to broaden, the scope of federal pendent jurisdiction," and holding that there existed a "wide-ranging power in the federal courts to decide state-law claims in cases that also present federal questions."

This broad scope applies not only to multiple state law claims by a single plaintiff, but also to state claims by co-plaintiffs, such as here, as long as each of those claims can be fairly described as forming part of the same "case or controversy" and stem from the same "nucleus of operative

fact." In fact, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *Nahno-Lopez v. Houser*, 627 F. Supp. 2d 1269, 1280–81, n.8 (W.D. Okla. 2009) (holding that "despite the finding that the Pence Plaintiffs do not have a viable claim under [federal statute] § 345, they remain as plaintiffs in this action," and explicitly exercising supplemental jurisdiction over state law claims asserted by those plaintiffs who had no federal claims on the ground that their co-plaintiffs did have federal claims and that each of the plaintiffs' respective claims arose from the same "same basic dispute.").

Here, all of the various Plaintiffs' various claims arise from the same alleged common nucleus of fact, namely that each of the Defendants conspired to and allegedly participated in and profited from a fraudulent scheme by which they induced a succession of employees, independent contractors, venues, and other vendors to provide Skytop with goods and services with no intention of acting in good faith and paying Skytop's bills. SAC, *passim*, and ¶¶ 60-64 (in the Fifth Cause of Action, alleging that the Defendants acted in concert in furtherance of a conspiracy to commit the fraud and wage violations alleged in the First through Fourth Causes of Action); ¶¶65-78 (asserting the Sixth and Seventh Causes of Action for unjust enrichment and conversion of the same goods and services at issue in the First through Fifth Causes of Action); ¶¶ 79-93 (asserting the Eighth through Tenth Causes of Action, all against Defendants Skytop and Skroupa and arising from the same alleged failure to pay Skytop's bills). Moreover, while not abundantly clear, it appears that Plaintiffs have styled this as a class action, which by its nature must involve commonalities of law and fact.

Once the Court determines that a given claim arises from the same "nucleus of operative fact" as the anchor claim, and is therefore part of the same case or controversy, the Court's must exercise its supplemental jurisdiction over each of those claims unless one of the exceptions set forth in 28 U.S.C. § 1367(c) applies. *See, Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 447-448 (2d Cir. 1998) (noting that "subsection 1367(a) uses the term 'shall' which implies that once it is determined that a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy, supplemental jurisdiction over the related claim is mandatory," and then rejecting the notion of discretion unless an exception under subsection 1367(c) applies).

Other courts, facing the same issue of FLSA claims with similar state law claims, as well as a multitude of plaintiffs, have held that Section 1367(c) does not apply, and that the entire case must remain in federal court. *See, e.g., Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 980 (7th Cir. 2011) (holding that Section 1367(c) did not apply because "the state law claims essentially replicate the FLSA claims."). Here, the FLSA Plaintiffs' claims under the FLSA and the New York Labor Law clearly arise from the same common nucleus of facts, as both statutory claims are brought in a single cause of action, namely the Fourth Cause of Action. SAC ¶¶53-59.

Judge Schofield<br>
March 17, 2021<br>
Page 4 of 4

As such, removal of the entire case under 28 U.S.C. § 1441 was proper in the first instance, and the Court has supplemental jurisdiction over all of the Plaintiffs' state claims, none of which are subject to remand.

The Defendants respectfully request that, if the Court believes that it lacks jurisdiction over any part of this case, or that there may be grounds to remand any of the claims in this case, the Court calendar a conference date to permit the Defendants to present oral argument and address any concerns the Court may have.

Respectfully Submitted,

Adam E. Engel<br>
*Counsel for Defendants*

Cc: All Counsel of Record by ECF