UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HEATHER BARLOW, et al.,

                                 Plaintiffs,           21 Civ. 2094 (LGS)

           -against-                                   ORDER

CHRISTOPHER SKROUPA, et al.,

                                 Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, this case was initially filed on March 17, 2020, in the Supreme Court of the State of New York.  Dkt. No. 1.

      WHEREAS, Defendant filed a timely and procedurally proper Notice of Removal on March 10, 2021, asserting that removal is proper because the Second Amended Complaint includes a newly pleaded cause of action arising under federal law -- namely, a violation of the Fair Labor Standards Act ("FLSA").  Dkt. No. 1.

      WHEREAS, the Second Amended Complaint alleges a FLSA claim only with respect to three of the ten Plaintiffs, who "were non-exempt employees hired to work 40 hour weeks."  Dkt. No. 1-1, 80/91.

      WHEREAS, Plaintiffs filed a letter conceding that "[a]ssuming the Defendants' papers are not procedurally defective, removal is appropriate here."  However, the letter also requests leave "to amend the Second Amended Complaint to delete the FLSA claims pursuant to Fed. R. Civ. P. 15(a)(2), in anticipation of a motion to remand the entire remaining state law complaint to the state court pursuant to section 1367(c)(3) . . ."  Dkt. No. 9.  In the alternative, Plaintiffs' letter requests that the Court "retain the FLSA Plaintiffs and their claims and, pursuant to section 1367(c)(2), sever and remand the remaining Plaintiffs and claims."  *Id.*

      WHEREAS, district courts "have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a).

WHEREAS, in determining whether to exercise supplemental jurisdiction, a district court should consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *accord Koller-Gurgigno v. City of Yonkers*, No. 18 Civ. 98, 2021 WL 431144, *2 (S.D.N.Y. Feb. 8, 2021). A district court "may decline to exercise supplemental jurisdiction over a [state law] claim" under several circumstances, including where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367 (c)(3). "[I]n the absence of any surviving federal claims, . . . the balance of factors to be considered under pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." *Norton v. Town of Islip*, 678 Fed. App'x 17, 22 (2d Cir. 2017); *accord Koller-Gurgigno*, 2021 WL 43114 at *2.

WHEREAS, courts have permitted plaintiffs to file amended complaints, abandoning any claims giving rise to original subject matter jurisdiction, and subsequently have remanded the cases to state court. *See, e.g., Chapman v. Crane Co.*, 694 Fed. App'x 825, 827 (2d Cir. 2017) (affirming the district court's remand to state court where "the federal-law claims had been abandoned"); *Brown v. Progressive Cas. Ins. Co.*, No. 18 Civ. 3753, 2018 WL 4404071, *1 (S.D.N.Y. Sept. 17, 2018) (remanding after plaintiff filed an amended complaint, abandoning claims over which the court had original jurisdiction). However, "the determination whether subject matter jurisdiction exists is properly made on the face and at the time of the Complaint . . . The later elimination of federal claims and defenses, so as to leave standing only state-law

claims, may bear on whether the Court chooses to exercise supplemental jurisdiction, but it does not eliminate federal jurisdiction." *Maguire v. A.C. & S., Inc.*, 73 F. Supp. 3d 323, 328 (S.D.N.Y. 2014). It is hereby

**ORDERED** that Plaintiffs' request for leave to file an amended complaint is **GRANTED**. By **March 22, 2021,** Plaintiffs shall file (1) any amended complaint for the sole purpose of removing the FLSA claims, and (2) any motion to remand, based on the court's discretion to exercise or not supplemental jurisdiction. Such motion may be made by letter motion. It is further

**ORDERED** that, if Defendants object to remand, they shall file their opposition in a letter no later than **March 24, 2021**.

Dated: March 18, 2021
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**