SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X

HEATHER BARLOW, VALUE EXTRACTION : Index Number 651739/2020
SERVICES LLC, PHILLIP LOFASO, JAKE :
HENDRICKSON, MAKEEDA PERKINS, :
MAURA MURPHY, MARINA PUSHKINA, :
JEN DOBIES, ROES 1-2, and all others :
similarly situated and/or interested parties, :
                                              :
                              Plaintiffs,     : **SECOND AMENDED CLASS**
                                              : **ACTION COMPLAINT FOR FRAUD,**
                                              : **FALSE ADVERTISING AND**
                                              : **DECEPTIVE PRACTICES UNDER**
             v.                               : **GBL §§ 349-50, CONSPIRACY TO**
                                              : **COMMIT FRAUD, CONVERSION,**
                                              : **INTENTIONAL INFLICTION**
                                              : **OF EMOTIONAL DISTRESS, ET AL.**
                                              : **(ON REMAND)**
CHRISTOPHER SKROUPA,                          :
INSPIRE SUMMITS LLC d/b/a                     :
SKYTOP STRATEGIES, DAVID KATZ,                :
JOHN STEPHEN WILSON, PAULA LUFF,              :
and ADVISORY BOARD MEMBERS DOES 1-5.:
                                              :
                              Defendants.     :
------------------------------------X

## PRELIMINARY STATEMENT

The above named Plaintiff consultants, exempt and non-exempt employees, vendors, and participants in Defendants' "Skytop" conferences, on behalf of themselves and all others similarly situated, bring this class action for fraud, false advertising and deceptive practices under New York's General Business Law, violations of the New York Labor Law, conspiracy to commit fraud, conversion, intentional infliction of emotional distress, among other causes of action, and allege as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs each represent subclasses of consultants, exempt employees, non-exempt employees, vendors, and attendees at Skytop conferences whom Defendants defrauded of fees, wages, bonuses, commissions, overtime, health care insurance, among other compensation and reimbursables, and participant payments to Skytop:

    a. Plaintiff Heather Barlow is a consultant who engages in operational and financial advisory work. At all times herein, Plaintiff Barlow was and is a resident of the County of New York. Plaintiff works as a consultant through her company, Value Extraction Services LLC, a New York domestic limited liability company and also a Plaintiff herein. On December 10, 2018, Defendants Christopher Skroupa ("Skroupa"), through his company, Inspire Summits LLC d/b/a Skytop Strategies ("Skytop"), hired Plaintiff Barlow part-time each week for 11 weeks at the rate of $2500 per week. He in fact used her full time. Defendant Skroupa paid her for the first four weeks, continued to re-hire her each week and assured her of payment, but did not pay her the last seven weeks, totaling $17,500 of professional services for which she was unpaid. Defendant Skroupa made repeated assurances he would pay her, admitted he owed her the $17,500, and then lied and threatened her if she pursued her claim. Plaintiff Barlow and her LLC represent the subclass of unpaid consultants.

    b. Phillip LoFaso was an exempt employee, hired as Chief Marketing Officer by Defendants Skroupa and Skytop. In June 2017, Defendant Skroupa hired Plaintiff LoFaso at the contracted annual rate of $110,000, plus bonus in the event

Skytop hit a certain level of profit. Plaintiff LoFaso was forced to leave Skytop in May 2019 when he was unpaid for $13,500 of salary and $7,500 of earned bonus. Defendant Skroupa made repeated assurances he would pay him, admitted he owed him the salary and bonus, and then lied and threatened him if he pursued his claim. Plaintiff LoFaso represents the subclass of unpaid exempt employees.

        c. Jake Hendrickson was an exempt employee, hired as VP for Sponsorship Sales by Defendants Skroupa and Skytop. On November 6, 2017, Defendant Skroupa hired Plaintiff Hendrickson at the contracted annual rate of $75,000, plus reimbursable health care insurance up to $800 per month, and commissions on Skytop's sponsorship income from conferences. Plaintiff Hendrickson was forced to leave Skytop in January 2020 when he was unpaid for $22,000 of salary, $19,200 of unreimbursed health insurance, $2,400 of unreimbursed business expenses, and $100,000 in earned commissions. Defendant Skroupa made repeated assurances he would pay him, admitted he owed him the above, and then simply lied and threatened him if he pursued his claim. Plaintiff Hendrickson also represents the subclass of unpaid exempt employees.

        d. Makeeda Perkins was an exempt employee, hired as Director of Human Resources and Talent. In January 2018, Defendant Skroupa hired Plaintiff at the contracted annual salary of $85,000 plus 15% bonus, reimbursable health care insurance up to $800 per month, and vacation, etc. Plaintiff Perkins was forced to leave Skytop in July 2020 when she was unpaid $16,346.16 in salary and unused vacation days, plus an earned bonus of $4,000. Defendant Skroupa made repeated assurances he would pay her, admitted he owed her the above, and then lied about owing her.

Plaintiff Perkins also represents the subclass of unpaid exempt employees.

  e. Maura Murphy was a non-exempt employee, hired as a program director by Defendants Skroupa and Skytop. In January 2017, Defendant Skroupa hired Plaintiff at the annual salary of $60,000 for a 40 hour work week. Despite being a non-exempt employee, she was constantly required to work overtime on evenings and weekends and was never paid overtime. Plaintiff Murphy was forced to leave Skytop in November 2018 when she was unpaid $22,365 in salary, plus an earned bonus of $4,000, as well as unpaid overtime, etc. Defendant Skroupa made repeated assurances he would pay her, admitted he owed her the above, and then lied and threatened her if she pursued her claim. Plaintiff Murphy represents the subclass of unpaid non-exempt employees with unpaid overtime and other claims pursuant to the New York Labor Law.

  f. Marina Pushkina was a non-exempt employee, hired as webmaster and IT specialist hired by Defendants Skroupa and Skytop. In July 2017, Defendant Skroupa hired Plaintiff at the annual salary of $50,000 for a 40 hour work week. Despite being a non-exempt employee, she was required to work overtime on weekends reviewing emails that came into the Skytop website and was never paid overtime. Plaintiff Pushkina was forced to leave Skytop in July 2019 when she was unpaid for three weeks of salary of $2,900, as well as an unpaid raise in 2018 of $6,000, and unpaid overtime, etc. Defendant Skroupa made repeated assurances he would pay her, admitted he owed her, and then simply lied that he would pay her without actually doing so. Instead he repeatedly bounced checks to her. Plaintiff Pushkina also represents the subclass of unpaid non-exempt employees with unpaid overtime and other claims

pursuant to the New York Labor Law.

      g. Jen Dobies was a non-exempt employee, hired as Sponsorship/ Delegate Engagement Associate by Defendants Skroupa and Skytop after she responded to their advertisement on a public website posting jobs for Skytop. Glassdoor, Indeed, and Linked In all included Skytop's job postings, which made false representations that Skytop had "significant capital funding" and "foster[ed] a high-performance culture" and that the position offered the "rapid potential to grow" in a favorable work environment. In July 2017, Defendant Skroupa hired Plaintiff Dobies at the initial annual rate of $38,000, plus bonus, and that increased to an annual salary of $50,700, plus bonus, effective April 2018. Plaintiff Dobies was forced to leave Skytop in December 2018 when she was unpaid for $22,200 of salary and bonus. Defendant Skroupa made assurances he would pay her, admitted he owed her, and then simply lied and threatened her if she pursued her claim. Plaintiff Dobies represents the subclass of unpaid employees who responded to false advertisements made by Defendants on public websites about the working environment at Skytop in violation of General Business Law §§ 349-50.

      h. Roe 1 is a vendor of goods and services to Defendant Skytop. Defendant Skroupa contracted with numerous vendors to provide such goods and services as food and catering, printing, telemarketing, accounting, payroll, meeting rooms, and audiovisual services to Skytop conferences and then did not pay them, in whole or in part. Defendant Skroupa made assurances he would pay them, admitted he owed the money, and then failed to pay them. Plaintiff Roe 1 represents the subclass of unpaid vendors of Skytop.