UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
HEATHER BARLOW, et al.,

                        Plaintiffs,           21 Civ. 2094 (LGS)

      -against-                            ORDER

CHRISTOPHER SKROUPA, et al.,

                        Defendants.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on March 17, 2020, this case was filed in the Supreme Court of the State of New York, New York County.  Dkt. No. 1.

       WHEREAS, on March 10, 2021, Defendants filed a timely and procedurally proper Notice of Removal, asserting that removal was proper because the Second Amended Complaint included a newly pleaded cause of action arising under federal law-- namely, a violation of the Fair Labor Standards Act.  Dkt. No. 1.

       WHEREAS, on March 12, 2021, Defendants filed a pre-motion letter in anticipation of a motion for sanctions related to communications that began in July 2020 (Dkt. No. 6), and on March 18, 2021, Plaintiffs filed a responsive letter (Dkt. No. 11).

       WHEREAS, Plaintiff sought (Dkt. No. 9) and the Court granted leave (Dkt. No. 12) to file (1) an amended complaint for the sole purpose of removing the FLSA claims and (2) a letter motion to remand this case to the New York Supreme Court (the "Motion").

       WHEREAS, on March 22, 2021, Plaintiffs filed the Motion (Dkt. No. 14), and on March 29, 2021, Plaintiffs, based on extensions the Court granted (Dkt. Nos. 20 and 22), timely filed the Third Amended Complaint, which no longer contains FLSA claims or any other claims involving a question of federal law (Dkt. No. 23).

       WHEREAS, on March 30, 2021, Defendants filed an opposition to the Motion, asserting

that the Court should retain jurisdiction over Defendants' anticipated motion for sanctions and citing to *Cooter & Gell v. Hartmarx Corp.*, which held that where a party had triggered Federal Rule of Civil Procedure 11 through baseless filings before the United States District Court for the District of Columbia, the District Court should retain jurisdiction over the related motions for sanctions, even though the plaintiff had voluntarily dismissed his complaint pursuant to Rule 41(a)(1)(i). Dkt. No. 25 (citing 496 U.S. 384, 398 (1990)).

WHEREAS, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a).

WHEREAS, in determining whether to exercise supplemental jurisdiction, a district court should consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *accord Koller-Gurgigno v. City of Yonkers*, No. 18 Civ. 98, 2021 WL 431144, *2 (S.D.N.Y. Feb. 8, 2021). A district court "may decline to exercise supplemental jurisdiction over a [state law] claim" under several circumstances, including where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the absence of any surviving federal claims, . . . the balance of factors to be considered under pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." *Norton v. Town of Islip*, 678 F. App'x 17, 22 (2d Cir. 2017); *accord Koller-Gurgigno*, 2021 WL 43114 at *2.

WHEREAS, the values of judicial economy, convenience, fairness and comity do not support the exercise of supplemental jurisdiction in this instance. This action was litigated before

the New York Supreme Court for almost one year.  It has been before this Court for twenty days.  While the parties have filed pre-motion letters in anticipation of Defendants' motion for sanctions, there are no other pending substantive motions before this Court.  Further, the circumstances of this case are different than those at issue in *Cooter & Gell v. Hartmarx Corp.*, where (1) all of the sanctionable conduct occurred before the District Court and (2) the plaintiff dismissed the complaint.  496 U.S. at 389-90.  Here, alleged sanctionable conduct began in July 2020, when this matter was before the New York Supreme Court.  Further, Plaintiffs have only dismissed their FLSA claims and upon remand, Defendants can assess whether it is appropriate to seek sanctions under New York law, in state court.  It is hereby

**ORDERED** that the Motion is **GRANTED** and this matter is remanded to state court.  Pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is respectfully directed to mail a certified copy of this Order to the Supreme Court of the State of New York, New York County.  The Clerk of Court is further directed to close the case.

Dated: March 30, 2021
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**